The opinion of the Court was delivered by
Johnson, J.
This ease was tried before myself, and the impression on my mind was, that the question'made by the first ground of defence, had been decided by this Court in the case of Stephens, Ramsay & Co. v. Winn;[1] *but it is found, upon examination of the manuscript re- -* port of that case, that although like the present in every other respect, the note wanted the words “for value received,” used in this note. In that case the Court decided, that under the statute of 29 Charles II., c. 3, usually called the statute of frauds, a writing to charge one man for the debt, &c., of another, should express the consideration ; but I am satisfied that this case is distinguishable from that, and that the words, “for value received,” is a sufficient expression of a consideration, to charge the party. It is an admission of the party, that a valuable consideration has been received, although the thing itself is not mentioned.
M’Call, for the motion. Peareson, contra.
On the other ground of defence, however, I think the decree is maintainable. The witnesses stated in the strongest terms, that the defendant made it an express condition, that the plaintiff should deliver him Miller’s note, and he promised to do so within two or three days, which he has not yet performed, although more than two years have elapsed. The first impression made by the evidence on my mind, was, that the sole object of the delivery of Miller’s note to the defendant, was, that it might be cancelled, and that the evidence of that debt might be destroyed, which occurred to me was as effectually done by the note, which the defendant gave to the plaintiff, as if it had been delivered, and that the object of a delivery was fully accomplished. But to come at this conclusion, it was necessary to put a forced construction on the evidence, and upon further consideration, I was satisfied that other objects which the defendant might have had in view at the time, consistent with the evidence, might have made the possession of the note an important consideration. In his hands it would have furnished evidence of the debt due by Miller, on which an action might have been brought when it became due, and this view was strongly supported by the fact which appeared on the trial, that Miller had afterwards become insolvent, so that the debt was lost to the defendant.

Colcock, Nott, Gantt and RichaRdson, JJ., concurred.

 Ante, 372.