*C. Langdon*, for plaintiff.
*C. K. Williams*, for defendant.

### *Jesse Lapham* vs. *Jonathan F. Barrett.*

Acknowledgment of " value received " in a contract to indemnify another for
paying a note, is good evidence of consideration.

And such payment, by one who signed the note as security, will raise a liability
against such promisor.

THIS was an action of *assumpsit*, and was tried in the County
Court at the April term, 1827, on the *general issue*. The decla-
ration stated, in substance, that on the 29th November, 1823, at
*Danby*, in consideration that the plaintiff had before that time,
signed a certain promissory note, for $300, bearing date Nov. 22,

Rutland, Feb. 1828. 1822, payable to one *Joseph Burr*, or order, which had been signed on the day of its date by *Bradford Barns* and *William Hitt*, he the defendant promised the plaintiff to provide for the payment thereof according to its tenor, and to indemnify the plaintiff for any loss or damage which might accrue to him by reason of signing said note ; and that in case the plaintiff should pay said note, he would, on request, pay to the plaintiff, the sum so paid by him. There was an a-verment that the defendant had not provided for the payment of said note, and had failed to indemnify the plaintiff, in the premises ; and that afterwards on the 15th July, 1824, the plaintiff had been obliged to pay the same, and that the defendant had refused to repay said sum of money, though often requested. The declaration also contained counts for money had and received, for money lent and advanced, and for money paid, laid out, and expended.

*Lapham* vs. *Barrett.*

Upon the trial of the cause, the papers, of which copies follow, were offered in evidence on the part of the plaintiff, and their execution was admitted by the defendant, viz :

"*Danby, Nov.* 22, 1822.

" We, for value received, promise to pay *Joseph Burr*, or order, " the sum of three hundred dollars in ninety days from date with " use.                     BRADFORD BARNS,

WILLIAM HITT,

JESSE LAPHAM."

Endorsed, "1823, Feby. 24. Received enclosed in a letter " from *Bradford Barns* five dollars, as interest.     J. BURR."

Also the following :

"*New-York*, 29th *Nov.* 1823.

" This may certify that I, for value received, agree that I will " see paid and discharged a certain note, dated in the year 1822, " signed by *Bradford Barns* and *William Hitt*, and last spring or " summer, undersigned by *Jesse Lapham*; said note given running to "*Joseph Burr*, of Manchester in Vermont ; sum of said note is three "hundred dollars. It is understood that I am to bear the said *Jesse* "*Lapham* harmless from said note ; and if the said *Jesse* shall pay " the said note, in that case, I promise and agree to pay the same "to said *Jesse Lapham*, on demand. JONATHAN F. BARRETT."

The plaintiff also offered the written evi- ⟨ Rutland, Feb. 1828.
dence of *Joseph Burr*, which was assented to ⟩ *Lapham vs. Barrett.*
by the defendant, and of which a copy follows :

"I, *Joseph Burr*, do testify and say, that on or about the 22d
"Nov. 1822, I loaned to *Bradford Barns* three hundred dollars, on,
" a note against said *Barns* and *William Hitt*, payable in ninety
" days, that in the month of May, 1823, having become dissatisfied
"with the security, I called on *Mr. Barns*, and informed him that I
"should sue the note, unless he gave me additional security.  He
"offered and procured *Jesse Lapham* to sign the note ; that in June
"1824, *Jesse Lapham*, by one of his brothers, proposed to assume
" the debt, by giving a note against himself and two of his brothers.
" I accepted the offer and gave to *Lapham* the note against *Barns*,
" *Hitt* and *Lapham*.  It was agreed and understood that the last
" mentioned note should be in payment and satisfaction of the for-
" mer, and was so received by me."

Question by plaintiff.  "Was any thing said, when you were at
" *Danby* to secure the debt, respecting the relation in which *Barns*
" and *Hitt* stood to each other on that note ?"

Answer.  "I have no recollection there was."

Question by defendant.  "Could you, at the time when you.
" called at *Danby* to secure the demand, have secured it on the
" personal property of *Barns* ?"

Answer.  "I presume I could."          JOSEPH BURR."

The plaintiff having here closed, the defendant moved that he
become nonsuit.  A verdict was however taken for the plaintiff
for the amount paid by the said *Lapham*, and interest, under a
rule, that if the Supreme Court, on argument, should consider the
above evidence sufficient in law to support the plaintiff's declar-
ation, the verdict was to stand, and a judgment to be entered by
the said Supreme Court for the plaintiff on the said verdict for
the sum therein mentioned, and interest on the same ; but should
said court, on the other hand, consider the above evidence insuf-
ficient in law to support said declaration, then a nonsuit was to be
entered.

*Barrett* and *Aiken*, in support of the verdict, contended, That,
if *Barns* and *Hitt* were joint principals, as between themselves,
on the *Burr* note, there can be no doubt in the case—That among
joint principles, the request of one means the request of all.—

HH

Rutland, Feb. 1828.    5 *Johns*, 176—That the payment to *Burr* is a

*Lapham* vs. *Barrett*.    good one.—2 *Esp. R.* 571.—11 *Johns. R.* 518.

It is contended that it is immaterial as to *Lapham* whether *Barns* and *Hitt* were joint principals or not between themselves. *Barns* and *Hitt* held themselves out to the world on negotiable paper as joint principals, and hence are bound as such to all who shall act and contract rights, relying upon this relation, and not apprised of a different relation. These propositions, it is believed, are well sustained. The following authorities may illustrate them. 2 *Starkie*, 31.—2 *Esp.* 637.—1 *Camp.* 245.—4 *Id.* 215.—9 *Mass.* 59,—6 *Id.* 429. The doctrine for which we contend does no injustice to *Hitt*. But the doctrine for which the defendant contends does injustice to *Lapham*. The case of *Earle* vs. *Partridge et al.* 8 *T. R.* 308, sustains this action, and is not opposed by the case of *Elmendorph* vs. *Tappen*, 5 *Johns.* 176.

The contract of *Barrett* is *prima facie* good. The words " value received" import a consideration.—3 *Johns.* 484.—1 *D. Chip.* 340.—1 *Caine's R.* 286.—7 *Johns.* 321. Though the consideration is general, yet a particular one may be *averred* and *proved.*—1 *Phil. Ev.* 424.—*Starkie*, 1004. The fact of request is for the jury to find, and this may be implied.—1 *Saund.* 264, note 1.—10 *Johns.* 243.—14 *Id.* 188.

At all events, the evidence supports the money counts. It is evidence of money received by *Barrett* to the use of *Lapham.*— 3 *Johns.* 492. But it is not necessary to show the actual receipt of the money.—*Doug.* 132.—*L. Ray.* 1007.—2 *Johns.* 235. 2 *Burr.* 1011. It is evidence of money paid. By the agreement of *Barrett*, it became his debt to pay, and *Lapham* paid it. There can be no objection to a recovery on the general counts, provided the evidence is sufficient, on account of the special contract.—*B. N. P.* 139, 140.—5 *Mass.* 391.—*Doug.* 628.—2 *Burr.* 1011.

*Hodges, for the defendant.* It is contended, that the considerations averred in the special counts, are not only unsupported, but disproved by the testimony set forth in the case. Although, where money has been received for another's benefit, and in similar cases, a request may be presumed, it does not follow that it may be presumed to form the consideration of a special contract, where the

party has received no benefit. That a misde- {Rutland, Feb.1828.
scription of the consideration is fatal, vide *Hort* {*Lapham* vs.*Barrett.*
vs. *Dixon*, quoted in *Selw. N.P.* 118.—1 *Camp. N. P. Cases*,
361, *Symonds* vs. *Carr.*

The money-counts are equally unsupported by the case. No
consideration is shewn to which the plaintiff may resort on the
failure of his special counts. The words "and if the said *Jesse*
"*Lapham* shall pay the said note," import no consideration, but
merely describe the condition or contingency on which the con-
tract depends. That payment was of no benefit to *Barrett*, nor
detriment to *Lapham*, being merely the performance of a prior
obligation. However *Lapham* might have evaded it, or what-
ever time he might have given to *Barns* and *Hitt*, nothing of the
kind appears, or forms a part of the contract. The money orig-
inally loaned, not at the request of *Barrett*, nor for his benefit,
cannot, by means of this void promise, be made the evidence of
money had, &c.

"Value received," though a sufficient description of the con-
sideration in contracts regulated by the *law merchant*, forms no
evidence of one in other parol contracts, where a special consid-
eration must be avered and proved accordingly. How could a
jury assess damages upon these words, and what evidence do
they afford of the amount of the consideration? A merely nominal
sum might be sufficient foundation for such a contract. Can it be
supposed that *Lapham* gave *Barrett* three hundred dollars to in-
demnify him, *Lapham*, against the possible payment of a like sum to
*Burr*?—*N. Y. Dig.* 37, *No.* 4 : 150, *No.* 59.—1 *Chit. Plead.*
295.—*Chit. on Bills*, 11-62.—2 *Aik.* 60, *Barney* vs. *Bliss.* The
specification of the plaintiff confines him to money paid to the
defendant, or money paid to *Joseph Burr* for the benefit, and not
merely at the request of defendant. Neither of these are shewn.
But if these should be esteemed good considerations, still it is
insisted that, the contract being open, the plaintiff cannot resort to
the money-count to recover their amount. In a declaration upon
this contract, describing it correctly, the damages might be less
than the consideration; and the plaintiff will not be allowed to re-
cover the latter, and disregard the contract, which affords the
proper measure of damages. Neither could the judgment in this

Rutland, Feb. 1828. ⎱ suit be pleaded in bar to a proper action on
Lapham vs. Barrett. ⎰ this contract.—1  Chit. Pl. 342.—Selw. N.
P. 81.—1 T. R. 133, Tower vs. Barrett.—1 N. R. 351, Cook
vs. Munstone.—2 East, 145, Hull vs. Heightman.—1 Doug.
23, Weston vs. Downes.

TURNER, J. delivered the opinion of the court.    It is in evi-
dence that Lapham signed the note to Burr only as security.
There is no evidence that Burr had ever made any demand of
him to pay it ; and for aught that appears, it might have been paid
by Barns, the principal, and who was responsible for that sum, but
for the interference of the defendant. How, after Lapham had sign-
ed the note, the defendant became interested to see it paid, does not
precisely appear.    But by his contract to Lapham, a contract
as clear and explicit in its terms as language could make it, he
"agrees, to see this note paid and discharged," and states as a
consideration, that he makes this agreement "for value received."
To these latter words no other meaning can be attached, than an admis
sion that he had the funds in his hands for the payment of the note.
The other clause of the contract, that "it is understood I am to
bear the said Jesse Lapham harmless from the said note," amounts
to an admission of the same thing.    The contract then goes on to
state, "and if the said Jesse shall pay said note, in that case I prom-
ise and agree to pay the same to said Jesse Lapham on demand ;"
and it is admitted that Lapham did pay it.

It is impossible to perceive on what good ground the defendant
can now exonerate himself from his obligation to save "Lapham
harmless" ; in other words, to replace the money Lapham had
paid by his request.    The defendant contends that this agreement
must be considered as gratuitous, because the words "value re-
ceived" import a consideration only in contracts regulated by the
law merchant, but not in other parol contracts.    In order to sup-
port a position which divests these words of all meaning, the dis-
tinction contended for should be established by the authority of
some decided case.    No such case is shown.    On the contrary,
the Supreme Court of this state have uniformly held, that the
words "value received" import a consideration in notes given for
specific articles, (D. Chipman, 345) and these instruments are un-
known to the law merchant.    So in New-York, 7 John. 321, and

in 3 *John.* 384, it was held that the words $\{$ Rutland, Feb. 1828. " value received" was sufficient evidence of $\{$ *Lapham* vs.*Barrett.* consideration, even in a deed.

If, therefore, these words are so held in this case, no difficulty can arise from the objection, that the defendant's promise went merely to relieve the plaintiff from the performance of a prior obligation ; because the legal construction of the contract would then be, that the defendant had in his hands the fund out of which the note was to be paid ; and if so, it is immaterial in what relation *Lapham* stood to the note. Nor is any weight perceived in the argument, which would require the statement of the specific consideration in this contract, from the alleged difficulty of assessing damages on the words "value received." Words are to be construed, and the extent of their meaning determined, by the subject matter to which they are applied. Where the defendant agrees to indemnify *Lapham* for paying the note, "for value received," the amount of the value he admits to have received for this purpose is to be measured by the amount of the note.

The Court perceives nothing in this case to distinguish it from the ordinary cases of money paid on another's request, and no reason, therefore, why the amount paid should not be recovered under the general counts. It is not necessary, therefore, to examine the objections to the special counts. Judgment must be rendered on the verdict.

*Barrett* and *Aiken*, for plaintiff,
*Hodges*, for defendant.