## SAMUEL A. WHITNEY vs. MOSES STEARNS.

An admission in a contract in writing, that it was made for a valuable consideration, is *prima facie* evidence of a sufficient consideration for such contract.

If one give a written promise to be responsible for the amount the promisee may recover in a suit then pending against a third person, and judgment is recovered in that suit, the body of the debtor arrested on the execution, and he gives the poor debtor's bond, which is forfeited, and a suit is brought thereon but no satisfaction obtained; this furnishes no defence to an action on the promise in writing.

ASSUMPSIT for rent, and also on an obligation in the following form. "*Lincolnville, Feb.* 16, 1837. For a valuable consideration, I promise *Samuel A. Whitney*, to be responsible to him for whatever sum he may recover of *Ezekiel Stearns*, before *David Alden, Jr., John Young*, 2d. and *David McKoy*, referees, to whom is referred a demand made by the said *Whitney* against the said *Ezekiel Stearns* and *Moses Stearns.*" This was signed by the defendant. This action was commenced on *May* 27, 1837, and on the sixth of the same *May*, the plaintiff caused *Ezekiel Stearns* to be arrested on an execution issued on a judgment on the award of the referees, who on the same day gave a bond, pursuant to the provisions in the acts for the relief of poor debtors, to procure his release from arrest. The said *Ezekiel* failed to comply with the conditions of this bond and it became forfeited, and *Nov.* 24, 1837, *Whitney* commenced an action thereon, which is still pending. At the trial of the present action before WESTON C, J. the plaintiff offered no evidence of any consideration to support the agreement other than the instrument itself.

The defendant's counsel objected, " 1. That the instrument declared on, being a collateral undertaking to answer for the debt or default of another, it was incumbent on the plaintiff to prove a sufficient consideration; and that the instrument itself, not importing a consideration like negotiable paper, the mere words, " for a valuable consideration," were not sufficient to prove the fact. 2. That the plaintiff having received a bond as security for the original debt, and the condition of that bond being forfeited and having become absolute, the above instrument being of an inferior nature to the one under seal, was merged in the bond; and that the plain-

tiff having accepted of said security by bringing an action upon it, the original debt was also merged in that security, and by necessary consequence, the present instrument, which was only collateral to the original debt."

The Chief Justice left the question of consideration to the jury, stating to them, that the admission by the defendant in the contract that it was made for a valuable consideration, was evidence of that fact to be submitted to their consideration. The second objection taken was overruled, and the jury were instructed, that the collateral remedy pursued by the plaintiff on the bond, would not defeat his action on the contract, he not having obtained satisfaction upon the bond. The verdict for the plaintiff was to be amended by deducting the amount found on account of the contract, if in the opinion of the Court, the jury were not properly instructed upon either point taken by the counsel for the defendant.

*F. Allen* and *W. H. Codman*, for the defendant, argued in support of the propositions contended for at the trial. On the first point, they cited *Ten Eyck* v. *Vanderpool*, 8 *Johns. R.* 120; *Schoonmaker* v. *Roosa*, 17 *Johns. R.* 301; *Hunt* v. *Adams*, 5 *Mass. R.* 358; *Ulen* v. *Kittredge*, 7 *Mass. R.* 233; *Lent* v. *Padelford*, 10 *Mass. R.* 230; *Packard* v. *Richardson*, 17 *Mass. R.* 122. The whole evidence was on the face of the paper, and it was a mere question of law, and should have been decided by the Court, and not left to the jury.

*W. G. Crosby*, for the plaintiff, argued, that it was for the jury to determine whether there was a sufficient consideration for the promise; that it was a mere matter of evidence; and that here was the best of evidence, the admission of the defendant in writing. The testimony of a witness, that he had heard the defendant admit that there was a consideration, would have been competent evidence for the jury, and still more clearly is his written admission. The promise here was prospective, to pay the debt of another, which might, or might not exist, and was not a collateral but an original undertaking. *Perley* v. *Spring*, 12 *Mass. R.* 297. If the change of security had taken place between the parties, there might have been some color for contending, that one security was merged in the other, but the merger does not extend to change of

security against a stranger. But here there was no forfeiture of the bond at the time this suit was commenced. 5 *Mass. R.* 11; 6 *T. R.* 176; 10 *Mass. R.* 88; 3 *East*, 258; *Chitty on Contracts*, 294.

The opinion of the Court was drawn up by

EMERY J. — There appears to be some singularity in the wording of the writing called the obligation, dated *Feb.* 16, 1837, contrasted with the statement of the evidence in relation to the trial. According to our copy, the engagement is to be responsible to the plaintiff for what he " may recover of *Ezekiel Stearns* before referees, to whom is referred a demand made by the plaintiff against said *Ezekiel Stearns* and *Moses Stearns.*" Why the stipulation should be adopted in that form, unless *Moses* assumed the relation of a co-defendant with *Ezekiel* for his benefit, or surety for him in the reference, is not easy to discover. Be that as it may, what we have now to settle, is the correctness or incorrectness of the Judge's instructions. The question of consideration was left to the jury on the statement to them, that the admission by the defendant in the contract, that it was made for a valuable consideration, was evidence of that fact to be submitted to their consideration.

Generally, in an action upon a simple contract the plaintiff must allege and prove a consideration. The consideration of an agreement, or even a negotiable bill or note, may be inquired into between the immediate parties; as between the drawer and acceptor of a bill, maker and payee of a note, or between an indorser and his immediate indorsee. Valuable considerations may arise by benefit to the party promising, or to another at the promiser's request, or by the promisee's sustaining loss or inconvenience, or becoming liable to charge or obligation at the request of the promiser, though he derive no advantage from it. But a promise to indemnify a plaintiff against the costs of an action for publishing a libel against a third person, at the defendant's solicitation, would be void. *Shackell* v. *Rosier*, 2 *Bing. N. C.* 634, in 29 *Eng. Com. Law Rep.* 438.

It is said, that it is not essential that the consideration should be adequate in point of actual value, that it is sufficient that a slight

benefit be conferred by the plaintiff on the defendant, or at his request on a *third* person at law ; and that mere folly and weakness, or want of judgment, will not defeat a contract even in equity, when the folly is not so extremely gross, as that, with other facts in corroboration, does not establish a case for relief, on the ground of fraud. How then is the validity of the contract, upon this requisite, to be exhibited ? It is not to be supposed, that a contract has not any effect on an admission against a party, because it is not under seal. So far from this, an admission, in such a contract, is strong presumptive evidence against the party, though it is not conclusive. For the person sought to be charged is not absolutely concluded from shewing the real truth. *Chitty on Contracts,* 5. A cent or a pepper corn, in legal estimation, would constitute a valuable consideration. Where then was the incorrectness of the direction to the jury on this point *?* We perceive none. If a man will deliberately confess that he has received a valuable consideration for his promise, the burthen ought surely to rest on him to shew that he was under a mistake. Should he fail of doing so, the consideration is proved. Could a jury hesitate in awarding a verdict against him, were he to appear before them, and avow, that he had received a valuable consideration for entering into the contract they were to deliberate upon ?

The second instruction was, that the collateral remedy pursued by the plaintiff on the bond would not defeat his action on the contract, he not having obtained satisfaction on the bond. The bond spoken of was voluntarily given by *Ezekiel Stearns,* without consent or agreement of the plaintiff, and which the plaintiff could not prevent. Its operation was to postpone the redress of the plaintiff. But we cannot hold, that the commencing of an action upon it, vacated other collateral security, which the plaintiff possessed, unless payment was obtained. There was no express stipulation in the bond that the remedy by action or any other collateral security should not be adopted. *Emes* v. *Widdowson,* 4 *C. &amp; P.* 151.

The bond was not accepted in satisfaction of the collateral security by the plaintiff.

Judgment must therefore be rendered on the verdict without deduction.