*Report recommitted.*

## MARSHALL & a. *v.* COBLEIGH.

A written promise to indemnify one for backing a writ against a third party, imports a consideration which is sufficient, unless it appear that the act of bailing was voluntary, and was passed and executed at the time of the promise; and the words, "For value received," contained in such writing, are evidence that the backing of the writ was done at the request of the promiser, or for his benefit, or under other circumstances, to afford good ground for the promise.

In an action upon such a promise, a judgment on *scire facias* against the plaintiffs is evidence of damage to entitle them to sue.

It is no sufficient defence to such an action that it is brought for the benefit of an assignee, or that the plaintiff, in the action against the bail, is the party eventually to be benefitted by a recovery, provided there be no fraud or conspiracy to hurt the defendant.

---

---

ASSUMPSIT, upon the following contract:

"For value received, I hereby promise to indemnify and save harmless George Marshall and Elisha Webster from all cost and trouble they may be at in consequence of their backing a writ for William Elliott and Samuel Killam, defendants, in favor of Josiah Bellows, 2d, made returnable to the county court holden at Guildhall on the last Tuesday of May next.

Levi W. Cobleigh.

Brunswick, March 25, 1836."

The contract was made to indemnify the plaintiffs for becoming bail for the persons therein named, then under arrest in an action of trespass *quare clausum*, brought by Josiah Bellows, 2d.

This defendant, Cobleigh, undertook the defence of the action against Elliott and Killam, as the real party in interest, claiming the *locus in quo*, and having employed Elliott and Killam to cut the timber, which act constituted the supposed trespass.

In March, Bellows recovered a judgment, sued out an execution, and pursued such measures as, by the laws of Vermont, were sufficient to charge the bail. He afterwards brought *scire facias* against the plaintiffs as bail, which was duly served upon them, and entered at the March term of the court in the county of Essex, in 1842, of which proceedings the plaintiffs gave notice to Cobleigh, and proposed, if he would pay the necessary expense, to cause Killam and Elliott to be brought from New-York and surrendered, but Cobleigh declined to do any thing in the matter. A formal notice was afterwards served by the counsel of the present plaintiffs, upon the defendant, of the pendency of the action of *scire facias*, stating the term of court at which it was returnable, and other particulars.

No defence was made to the action, these plaintiffs hav-

ing suffered default, and a judgment was rendered against them, and execution issued.

These plaintiffs afterwards procured Charles Bellows to give his note to Josiah Bellows, 2d, for the amount of the judgment, and assigned to him the contract in suit, taking his obligation to indemnify them against costs and damages therein, and against the judgment recovered by Josiah Bellows, 2d. This suit is prosecuted by Charles Bellows, for his own benefit, as it was said.

The defendant offered evidence that the plaintiffs had declared that Josiah Bellows had agreed with them that if they would not surrender Killam and Elliott, nor make defence to the *scire facias*, he would release them and take their obligation against Cobleigh; that such an agreement was actually made, and that whatever Charles Bellows did in the matter was done by the procurement of Josiah Bellows, 2d, and that this action is prosecuted for his benefit, and not for the benefit of Charles.

The court instructed the jury that if Cobleigh was the defendant in interest in the suit of Josiah Bellows, 2d, against Elliott and Killam, and if, whatever they did in the matter of the trespass, they did as the servants and by the direction of Cobleigh, who took upon himself the defence of that suit, and gave the plaintiffs the paper containing the contract now in suit, it was competent for them to find that there was a good consideration for giving the paper, without any other evidence of a prior request by Cobleigh that the plaintiffs should become such bail for Elliott and Killam; that if these plaintiffs gave, or caused to be given, notice to Cobleigh of the pendency of the *scire facias*, and he refused to defend the same, or to furnish them aid, and the means of defraying their expenses in obtaining and surrendering Killam and Elliott, they were not bound to defend against the *scire facias*, nor to incur expense in going to the State of New-York to find and deliver them up:

That if the plaintiffs, without any intention to defraud Cobleigh, but merely to save themselves from trouble and expense in paying the execution of J. Bellows, 2d, agreed to transfer this contract to Charles Bellows, in consideration that he should pay the execution and save them harmless therefrom, and Charles, in consideration, did give his note to Josiah, and thus procure the discharge of the same, it was a legal transaction which authorized Charles to maintain this suit in the name of the plaintiffs, even if Josiah had agreed to take the amount which may be recovered in this action in payment of the note.

But should they find that the plaintiffs colluded with Josiah Bellows, 2d, to suffer default and defraud Cobleigh, or had good reason to suppose that any valid defence could be made to the suit against them, without surrendering Killam and Elliott, they were directed to find for the defendant.

The jury returned a verdict for the plaintiffs, and the defendant moved to set the same aside, for the supposed errors in the ruling and instructions of the court, and for a new trial.

*Bellows*, for the defendant.  1. No consideration for the promise, no request to become bail, was proved, but the court instructed the jury that the trespass, having been committed by the defendant's direction, and in his employment, and the defendant, having taken upon himself the defence of the action, and set up a title to the *locus in quo*, it was a good consideration for his promise, though no request. This direction was wrong. Chit. on Contracts 15.

Again, the agreement is within the statute of frauds, and the consideration for it should be in writing. It is not sufficient to recite that it is for value received.

2. The plaintiffs had paid nothing in consequence of their liability as bail, and they have come under no obli-

Marshall *v.* Cobleigh.

gation to pay any thing. To obtain a discharge of their liability as bail, they agreed to suffer judgment in the *scire facias*, by default, to assign the indemnity to J. Bellows, 2d; at least, there was evidence tending to prove that the plaintiffs did obtain a discharge, and for it they had parted with nothing but the indemnity. At the time they received the discharge nothing had been paid by them, or any one else, nor has there since been paid any thing on their account. The plaintiffs had no right of action until they had paid something, and then they could recover only what they had paid. Until they had paid something they had nothing to assign, and neither Charles Bellows, or J. Bellows, 2d, acquired by the transfer any rights as against the defendant.

3. Again, the note given by Charles Bellows is said to be payment of the judgment; but there was evidence tending to prove that the note was merely formal, and not to be paid; was procured to be given by J. Bellows, 2d, to himself, with the understanding that payment was not to be required; in short, that it was no note at all, except in form. It was competent for the jury, on the evidence, to have found this to be the fact. In that case the intervention of Charles Bellows would have been laid out of the case, and the matter considered as if J. Bellows, 2d, agreed to discharge the judgment, on receiving an assignment of the indemnity.

4. The judgment on the *scire facias* was fraudulent, and does not bind the defendant. If so, then it is to be looked upon in the same light as a payment (if any payment there was, which we deny), without judgment; and, as we say, it was in their own wrong, because it might have been resisted on the ground that the judgment in favor of Elliott & Killam discharged the bail. *Bell* v. *Bartlett,* 7 N. H. Rep. 178. So they might have surrendered their principals, if they were not discharged. We say, farther, that by making the contract not to surrender their principals

— which was clearly a fraud on the defendant — they forfeited all claim upon him, and what they might be obliged to pay they would pay in their own wrong.

*Wells*, for the plaintiffs. There is sufficient consideration for the defendant's promise. In the case cited from *Chitty*, where J. S. bailed the servants of H. without his knowledge, the promise to indemnify was held null, for the reason that H. derived no benefit from the act. The author supposes the result would be different, if there was a manifest personal benefit from the precedent consideration, which the party promising expressly recognizes.

Here the defendant was the party in interest, and was under a legal obligation to protect his servants acting under his authority and direction.

As to the objection that the consideration was past, the case finds that the promise was made while the servants were under arrest, and of course could not have been made after they were bailed.

But the contract, being expressed to be for value received, imports a consideration, and estops the defendant from denying it. *Jerome* v. *Whitney*, 7 Johns. 321; 3 Johns. 484; 2 Phil. Ev. 101, and note A; 1 Vt. 247, where it is held that an acknowledgment of value received, in a contract to indemnify, is sufficient. D. Chip. 340; *Whitney* v. *Stearns*, 16 Me. 394.

We cannot view it as debatable, that when the plaintiff procured Charles Bellows to give his note to J. Bellows, 2d, in payment of the judgment, and when the judgment was thereby discharged, the plaintiff had the right of action against the defendant for the amount.

The fraud suggested is not proved, but is disproved by the verdict.

Cobleigh, having had notice and opportunity to defend, the judgment concludes him, and liquidates the claim.

Marshall *v.* Cobleigh.

GILCHRIST, J.  One of the exceptions to the verdict is, that no consideration for the promise is proved.

The defendant, Cobleigh, claiming to own a tract of land, sent his servants, Elliott and Killam, to cut the timber upon it, and Josiah Bellows, 2d, claiming also to own it, brought his action of trespass against the servants, and caused them to be arrested.  While they were under arrest the defendant made the contract upon which this action is brought, and the plaintiffs bailed his servants.

The contract distinctly states the consideration and the promise founded upon it.  The consideration is the undertaking of the plaintiffs as the bail of the defendant's servants.  The promise is that of the defendant to indemnify them for so undertaking.

It is said that the consideration is not sufficient, because it is past and executed.  But the contract does not show that it was a past and executed consideration, and the case shows that it was a concurrent one.  There is no analogy between this and the case cited in the 15th page of Chitty on Contracts, from the old authorities.  There was a bailing of servants in both cases, and a promise of indemnity; but in one the bailing was assumed without the knowledge or request of the master, while in the other the concurrence of the acts raises a presumption of a request, or dispenses altogether with the necessity of proving one.

The doctrine of the case from Chitty is, that the bailing of a servant, with the subsequent approval of the master, is not, like the delivery of goods, or the performance of a work for one who afterwards accepts the goods, or avails himself voluntarily of the benefits of the labor so clearly for the advantage of the master, as to raise a legal presumption of a prior request.  It did not appear that the servant was arrested for an act which he did at the special request and command of the master, or that the master adopted it as his own, and assumed, upon the ground of

right and title in himself, the defence of the suit in which the servant was arrested.

These features very broadly distinguish the present case, and, if others of a decisive character were not to be found, would deserve consideration.

That the consideration is sufficiently stated in the contract, there seems to be good reason to conclude from the authorities.

Under the fourth section of the statute of frauds, it being necessary that the consideration should appear in the writing required by the statute, it is a rule that if the consideration can be collected, or fairly inferred from the defendant's memorandum, it is sufficient. Chitty on Contracts 210.

The case of *Stadt* v. *Lill*, 9 East 348, is cited among others, in which it was held that the words, "I guarantee the payment of any goods which J. Stadt delivered to J. Nichols," contained a sufficient description of the consideration.

The contract contains an acknowledgment that a value had been received by the defendant, which formed the consideration upon which the promise was founded. This has, in a variety of written contracts, been adjudged to be *primâ facie* evidence that there was a valid consideration.

In *Jerome* v. *Whitney*, 7 Johns. 321, cited by the plaintiff's counsel, it was held to be sufficient to state and to prove, in an action upon a note for specific articles, that the promise was "for value received."

The same point was adjudged in *Odiorne* v. *Odiorne*, in our own court. 5 N. H. Rep. 315.

In *Whitney* v. *Stearns*, 16 Me. 394, to which also we have been referred by the plaintiffs' brief, the same words were held to be *primâ facie* evidence of a consideration for a promise to pay what the promisee should recover in certain legal proceedings, described in the memorandum.

This promise was within the statute of frauds, and it became material therefore to determine whether the words sufficiently proved a consideration.

The court in that case say, "If a man will deliberately say that he has received a consideration for his promise, the burden ought surely to rest on him to show that he was under a mistake.

The case before us does not render it necessary that we should adopt, in its full extent, the doctrine of that case, nor is it necessary to call it in question. But the contract, having stated a consideration in the plaintiffs' undertaking as bail of the servants of the defendant, against the sufficiency of which it is alleged that it was not presumptively for the benefit of the defendant, and does not appear to have been assumed at his express request, there certainly is some force in the admission of the defendant that he had received, in some form, a valuable consideration; and that admission may justify us in presuming that the undertaking of the plaintiffs was of value to him, and assumed under such circumstances of special request, or otherwise, that the law presumes a benefit to the party promising to pay for it.

We are, therefore, of the opinion, with the court below, that from the paper itself, and the circumstances proved, the jury were authorized to find that there was a good consideration, without other evidence of a prior request on the part of Cobleigh that the plaintiffs would bail his servants.

A judgment having been recovered against the plaintiffs upon *scire facias*, they became entitled to bring this action against the defendant upon his promise of indemnity, whether they had actually paid any thing upon the judgment or not. *Fish* v. *Dana*, 10 Mass. 46; *Broughton's Case*, 5 Coke 24.

That right is not impaired by the subsequent proceedings. They procured Charles Bellows to indemnify them

against the judgment, and for that they assigned to him this cause of action against the defendant.

·The verdict negatives the collusion surmised to have existed between the parties, so that even if they have mistaken their rights, and the effect of the assignment to Charles Bellows, and the supposed agreement of Josiah Bellows to take a smaller sum in payment of the note of Charles than is due upon the face of it, there seems to be nothing in the way of maintaining the action upon the ground that the plaintiffs are liable upon a judgment in a matter against which the defendant has promised to indemnify them.

In the absence of fraud and conspiracy to hurt the defendant, he is not entitled to inquire upon what consideration his contract of indemnity has been assigned to another. *Barrett* v. *Barron,* 13 N. H. Rep. 150.

Nor does it concern him if Josiah Bellows, 2d, has actually become the party in interest, by having agreed to take what may be collected in this suit, to save circuity of remedy, or for any other cause, not objectionable for fraud or collusion. We are unable to see just ground of exception to the instruction of the court of common pleas in this particular. There must, consequently, be

*Judgment on the verdict.*