WILLIAM P. SERGEANT and another *vs.* JOHN RUBLE and others.

May 8, 1885.

Mortgage of Indemnity to Secure Payment of a Second Mortgage— Satisfaction by Foreclosure of the Second Mortgage.—Plaintiffs held a mortgage upon real estate upon which there was a prior mortgage to a third party. Plaintiffs, for value, assigned their mortgage to defendants, and at the same time executed to them a mortgage on other land, the condition of which is construed to be to indemnify defendants against loss on the mortgage thus assigned, by reason of the prior mortgage on the same premises. Defendants subsequently transferred the assigned mortgage to one Duff, who foreclosed, and at the sale bid in the premises for the full amount due on the mortgage. The prior mortgage on the same premises has never been paid, but is still a subsisting lien. *Held,* that defendants or their assignee having received full payment and satisfaction of their mortgage debt by sale of the mortgaged premises, the conditions of the indemnity mortgage have been fulfilled, and plaintiffs are entitled to have it discharged.

Appeal by defendants from a judgment of the district court for Freeborn county, *Farmer,* J., presiding.

The condition of the mortgage in question is as follows, viz.: "Provided, nevertheless, that if the said William P. Sergeant and Harriet I. Sergeant and Robert C. Van Vechten and Mary Van Vechten, parties of the first part, their heirs, executors and administrators, shall well and truly pay, or cause to be paid, that certain other indenture of mortgage given by one James I. Robinson and wife and John G. Yeager, single, on the 13th day of May, 1878, to John Hennessey, upon the southwest quarter of section nine, township 102, range 22, west—the purpose of this instrument being to guarantee the payment of the last aforesaid mortgage and for no other purpose—then this deed to be null and void, otherwise," etc.

*James H. Parker*, for appellants.

*Lovely & Morgan*, for respondents.

MITCHELL, J.[1]   The following statement of facts, although neither full nor exact as to details, will sufficiently present the legal questions raised by this appeal.

Plaintiffs owned a mortgage for $1,900, executed by Robinson and Yeager, upon certain real estate upon which there was a prior mortgage for $600, executed by the same parties to one Hennessey.   Ruble and Greene had agreed to take plaintiffs' mortgage as part-payment for some land which the plaintiffs were buying from them, but, upon discovering the existence of this prior mortgage, Ruble and Greene refused to accept it.   Thereupon, in order to induce Ruble and Greene to take it, the plaintiffs executed to them a mortgage for $600 upon certain real estate of their own, conditioned that if they (plaintiffs) should well and truly pay, or cause to be paid, this Hennessey mortgage, then this mortgage (the one from plaintiffs to Ruble and Greene) to be null and void, otherwise to remain in full force.   In consideration of this, Ruble and Greene consummated the trade, and accepted of plaintiffs an assignment of their $1,900 mortgage in payment of the land referred to.   Subsequently, Ruble and Greene assigned this $1,900 mortgage to one Duff as collateral security for an indebtedness which they owed him.   Duff subsequently foreclosed the mortgage, and at the foreclosure sale himself bid in the premises for the full amount due on the mortgage, and costs of sale.   The premises have never been redeemed, and the time of redemption has expired.   The prior or Hennessey mortgage has never been paid, and is still a lien on the premises.

The plaintiffs now bring this suit to have the mortgage for $600, which they executed to Ruble and Greene, declared satisfied and discharged.   Their right to this relief depends upon whether its conditions have been fulfilled.   Defendants' contention is that, according to the terms of the instrument, plaintiffs were required absolutely and unconditionally to pay the Hennessey mortgage, and that nothing short of this would fulfil the conditions of their mortgage.   Read

[1] Berry, J., was absent and took no part in this case.

literally, this is perhaps true. But, thus construed, the mortgage could not be sustained at all. Ruble and Greene did not own the Hennessey mortgage, nor the land covered by it. They had no interest in the land except as security for the payment of their $1,900, and they had no interest in the payment of the Hennessey mortgage except for the purpose of protecting the security of their own mortgage. It cannot, therefore, be held that the conditions of plaintiffs' mortgage could only be fulfilled by actual payment of the Hennessey mortgage, for if Ruble and Greene received payment in full of their $1,900 mortgage, they would have no further claim against plaintiffs, even if the Hennessey mortgage was never paid. On the other hand, it would not be correct to say that the conditions of plaintiffs' mortgage would only be fulfilled by the payment of the $1,900 mortgage; for, if the Hennessey mortgage was paid, plaintiffs would be entirely released, even although Ruble and Greene never received their pay. Read in the light of the surrounding circumstances, it is manifest that the sole purpose of this mortgage from plaintiffs to defendants Ruble and Greene, was *to indemnify the latter against any loss on their $1,900 mortgage by reason of the prior. or Hennessey mortgage.* The parties were certainly not fortunate in the choice of terms to express their agreement; but the construction we place upon it is the only one upon which the instrument can be sustained or made effective for any purpose.

If we are correct in this view, it follows as a corollary that if Ruble and Greene, or their assigns, have received full payment of their mortgage, they have sustained no damage by reason of the existence of the Hennessey mortgage, and have no further claim against the plaintiffs under the mortgage in suit. It is elementary that upon a foreclosure sale of the property the mortgage debt is extinguished to the amount of the purchase-money. This result is the same whether the premises be bid in by the mortgagee or purchased by a third person. Therefore, by this foreclosure sale the debt of Robinson and Yeager has been as fully paid and extinguished as if paid to Duff, or to Ruble and Greene, in money without foreclosure. It is true that the title acquired by Duff at the foreclosure sale is subject to the lien of the prior mortgage to Hennessey. But this is immaterial; Duff bought

the property with this burden upon it, and he must be supposed to have fixed a price upon it with reference to this, and bid accordingly. The amount he bid became an unconditional satisfaction of the mortgage debt. Neither Robinson and Yeager, nor Ruble and Greene, were under any legal obligation (in the absence of covenants of title) to obtain for him a clear title. On such a sale the purchaser expects to get back his money on redemption, or to acquire the equity of redemption, and, by discharging the prior lien, to become the owner of a perfect title. We therefore fail to see that either Ruble and Greene, or any one else, have any longer any rights under this indemnity mortgage. The plaintiffs are entitled to have it adjudged no longer a lien on their land.

Judgment affirmed.