D. M. Osborne & Co. *vs.* William P. Baker.

December 1, 1885.

Guaranty—Consideration—"Value Received."—*Held*, upon the rule of *stare decisis*, that the words "for value received" are a sufficient expression of the consideration, within the statute of frauds. Gen. St. 1878, c. 41, § 6.

Plaintiff (a corporation) brought this action against defendant upon his written guaranty of payment upon certain promissory notes. At the trial in the district court for Yellow Medicine county, before *Brown*, J., (a jury being waived,) plaintiff introduced in evidence the notes with the written guaranty, and offered in evidence a contract of agency between plaintiff and defendant, by the terms of which the defendant was required to guaranty the payment of the notes in question. On defendant's objection this contract was excluded. Plaintiff thereupon rested, and on defendant's motion the action was dismissed. Plaintiff appeals from an order refusing a new trial.

*G. D. Emery*, for appellant.

*Jno. W. Arctander*, for respondent.

Mitchell, J. This action was brought upon defendant's guaranty of payment of certain promissory notes executed to plaintiff by one Gunderson. The guaranty which was indorsed on each of the notes was as follows: "*For value received*, I hereby guaranty the payment of the within note at maturity,"—and was signed by defendant.

The evidence offered on the trial, if admitted, would have tended to prove that this was an original and not a collateral undertaking, and hence not within the statute of frauds. It showed that the guaranty was executed in pursuance of a previous written agreement between the parties, by which defendant, as plaintiff's agent, was, for a certain commission, to sell their machinery and guaranty the payment of all notes taken by him on sales; in substance, a *del credere* agency. Such a guaranty is an original one, entered into in performance of the guarantor's own responsibility, and in no sense a special promise to pay the debt of another, within the meaning of the

statute of frauds. *Nichols* v. *Allen*, 22 Minn. 283; *Sheldon* v. *Butler*, 24 Minn. 513; *Wilson* v. *Hentges*, 29 Minn. 103; *Wolff* v. *Koppel*, 5 Hill, 458; *Couturier* v. *Hastie*, 8 Exch. 40. The court, however, excluded the evidence, upon the ground, as we understand the record, that it was not admissible under the pleadings; that the guaranty pleaded was a special promise to answer for the debt of another; and that the words "for value received" did not *express the consideration*, as required by the statute of frauds. Gen. St. 1878, *c*. 41, § 6.

The conclusion we have reached on this latter question renders it unnecessary for us to decide whether the court erred in excluding the evidence. The statute provides that no action shall be maintained upon any special promise to answer for the debt, default, or doings of another, unless such agreement, or some note or memorandum thereof, *expressing the consideration*, is in writing and subscribed by the party charged therewith. If this was a new question, we have not much doubt but that we would hold with the respondent that the words "for value received," which acknowledge the receipt of *a* consideration, do not express *the* consideration. But we think that, under the authorities, the question is foreclosed, and is really no longer an open one. So far as the question has ever been passed upon by the courts of this country, it has been invariably held, so far as we can ascertain, that the words "for value received" sufficiently express the consideration to amount to a compliance with the requirements of the statute. This seems to be so both in those states whose statute, like ours, expressly requires the consideration to be expressed, and in those which have adopted the English statute, and whose courts follow the doctrine of *Wain* v. *Warlters*, 5 East, 10. That this is the law in New York, the leading commercial state of the Union, would now seem settled beyond doubt, although the decisions of the courts of that state upon the question are undoubtedly subject to many of the criticisms made by counsel. See *Miller* v. *Cook*, 23 N. Y. 495, and cases cited. The same is the rule in Wisconsin, our next neighbor, and with whom we have the most intimate business relations. *Day* v. *Elmore*, 4 Wis. 190; followed in *Chency* v. *Cook*, 7 Wis. 413, and *Dahlman* v. *Hammel*, 45 Wis. 466. This is also the law in Maryland. *Edelen* v. *Gough*, 5

Gill, 103. Also, it would seem, in Delaware. *Brooks* v. *Morgan*, 1 Harrington, 123. Also in South Carolina, (*McMorris* v. *Herndon*, 2 Bailey, 56, and *Caldwell* v. *McKain*, 2 Nott & McC. 555;) although subsequently, in that state, it was held that the consideration need not be expressed at all, repudiating the doctrine of *Wain* v. *Warlters*. The same thing has, we think, in effect been held in Vermont, (*Lapham* v. *Barrett*, 1 Vt. 247,) and in Maine. *Whitney* v. *Stearns*, 16 Me. 394. It is true that in neither of the last two cases does it clearly appear that the question of the statute of frauds was distinctly raised, but it must have been in the minds of the courts; for in both cases the promise was within the statute, and the words "for value received" were held sufficient. We have found no case, and have been referred to none, which holds to the contrary.

The text-writers also generally state the law to be that the words "for value received" sufficiently express the consideration. 3 Pars. Cont. 16; Browne, St. Frauds, § 408*a;* 1 Reed, St. Frauds, § 430; Brandt on Suretyship, § 70; Daniel, Neg. Inst. § 1767; Baylies on Sureties, 87.

The result of all this is, we are satisfied that it has become the general understanding that this is a sufficient compliance with the statute, and that the business engagements of the country are commonly made with that understanding. Under these circumstances we do not feel at liberty to adopt a different rule. As was said in *Day* v. *Elmore, supra,* the mischief of attempting to do so would be much greater than that of a quiet acquiescence in the one already established, as the latter may answer a liberal construction of the statute. If this rule would result in nullifying the statute, as is claimed by appellant, we would not feel prepared to follow it, although so generally adopted in other states. But we are satisfied, not only that the rule does not work any mischief, but also that it is an eminently convenient one. The object of the statute of frauds, as its name indicates, was to prevent men from being, through fraud or perjury, held liable for engagements which they never made. To prevent this wrong it was eminently proper that their promises or agreements (using the latter word in its popular sense) should be put into the durable form of a writing, and not left to the uncertainty of verbal

testimony.. But, notwithstanding all that has been said in *Saunders* v. *Wakefield*, 4 Barn. & Ald. 595, and in other cases, it has never seemed to us that there was any necessity, in order to prevent the mischief aimed at, for requiring all the motives and considerations which induced the party to make the promise, to be reduced to writing. See *Packard* v. *Richardson*, 17 Mass. 121. If the promise or undertaking is reduced to writing, we confess we can see no reason why the existence or non-existence of a consideration for it might not be left to be proved by parol, as in the case of any other contract. If there is any reason for expressing the consideration at all, the true one ought to be expressed; and yet it has been held that the expression of a nominal or false one is sufficient. See *Childs* v. *Barnum*, 11 Barb. 14, and *Happe* v. *Stout*, 2 Cal. 460. It is the law that a seal is a sufficient substitute for the expression of the consideration. 1 Reed, St. Frauds, § 431. But while a seal imports *a* consideration, yet it no more expresses *the* consideration than do the words "for value received."

The fact is that the expression of the consideration is so unnecessary in order to prevent the mischief aimed at, and frequently so inconvenient, that the courts have always been inclined to give this provision of the statute a very liberal construction, which sometimes, as in the instances cited, reduces it to a mere formality. As is well known, the rule was for the first time announced, or even suggested, in England in *Wain* v. *Warlters*, 5 East, 10, over 100 years after the statute was enacted, and was mainly based upon the assumption that the word "agreement" was used in its strict legal and not in its popular sense, which was argued from the well-known accuracy of Sir Mathew Hale, who was supposed (probably mistakenly) to have drawn the statute. And while some of the states, like our own, have, in adopting the statute, expressed in words what had become its settled construction in England, yet the rule was never satisfactory, having been repudiated in many of the states, and finally changed by statute in England itself in 1856. 19 & 20 Vict. *c.* 97, § 3.

While these considerations furnish no reason for disregarding the requirements of the statute, yet they are not without some weight in determining whether we should follow the liberal construction which

has generally obtained elsewhere. There is nothing in *Wilson S. M. Co.* v. *Schnell*, 20 Minn. 33, (40,) which commits the court to any other rule. In that case we simply held, what is everywhere held, that it it is not necessary that the consideration should be stated in express terms, but that it is enough if it may be spelled out or inferred from the memorandum.

Order reversed.