D. M. OSBORNE & CO. v. G. O. GULLIKSON.[1]

April 23, 1896.

Nos. 9394—(9).

**Promissory Note—Guaranty—Consideration.**

Where the written contract of a principal sets forth or imports a consideration,—for example, a promissory note,—and a contract of guaranty by a third party is a part of, or is indorsed upon, the note, and is delivered simultaneously with it, the consideration for the note supports the guaranty. Highland v. Dresser, 35 Minn. 345, followed.

**Same—Discharge of Guarantor.**

The mere neglect of the holder of a promissory note to pursue a remedy against the maker does not discharge a guarantor of the payment of the note. Hungerford v. O'Brien, 37 Minn. 306, followed.

Appeal by plaintiff from an order of the district court for Norman county, Ives, J., overruling a demurrer to the answer. Reversed.

*Calkins & Sharpe,* for appellant.
*Wm. Watts,* for respondent.

START, C. J. The complaint in this action sets up the making of four separate promissory notes to the plaintiff, by as many different makers, and a guaranty of the payment of each note by the defendant. The allegations of the complaint as to the contract of guaranty on each note are, substantially: That at the time of making the note, and for the purpose of inducing the plain-

[1] Reported in 66 N. W. 965.

tiff to accept the same, the defendant guarantied the payment of the same, in these words: "For value received, I hereby guaranty the payment of the within note at maturity, and at all times thereafter, and waive demand, protest, and notice of nonpayment thereof." That such guaranty was indorsed on the back of the note, and signed by the defendant, before the delivery of the note, and that, relying on such guaranty, the plaintiff was induced to accept, and did accept, the same. The answer admits the making and delivery of the notes and contracts of guaranty as stated in the complaint, but denies that the guaranties, or any of them, were made for the purpose of inducing the plaintiff to accept the same, and avers that the defendant made the guaranties at the request of the plaintiff. It also alleges that the plaintiff neglected to collect the notes, at their maturity, of the makers, as it might have done, and that since that time, and before the commencement of this action, the several makers disposed of their property, and none of the notes can now be collected from the makers. To this answer the plaintiff demurred on the ground that it did not state a defense, and this appeal is from an order overruling the demurrer. The demurrer should have been sustained, for the answer does not state a defense.

The defendant claims that the denials of the answer put in issue the consideration for the making of the contracts of guaranty, and that the neglect of the plaintiff to proceed promptly to collect the notes of the makers constitutes a defense in his favor.

1. While the answer denies that the guaranties were made for the purpose of inducing the plaintiff to accept the notes, yet it admits the other allegations of the complaint, to the effect that each of the contracts of guaranty recited on its face that it was for value received; that it was written on the back of the note, and signed by the defendant, and delivered with it; and that the plaintiff accepted the note, relying on the guaranty. These admitted allegations show a valid consideration for the contract of guaranty. In view of these admissions, the allegation which the answer denies is immaterial; for, where the written contract of a principal sets forth or imports a consideration,—for example, a promissory note, —and a contract of guaranty, signed by a third party, is a part of, or is indorsed upon, the note, and is delivered simultaneously

with it, the consideration for the note supports the guaranty. Highland v. Dresser, 35 Minn. 345, 29 N. W. 55. Again, the words "for value received," in the guaranty, are a sufficient expression of the consideration. D. M. Osborne & Co. v. Baker, 34 Minn. 307, 25 N. W. 606. Neither the consideration for the note, nor that of the contract of guaranty, is questioned by the answer.

2. The mere neglect of the plaintiff to collect the note at maturity does not release the defendant, as guarantor of the payment of the note. Hence the new matter alleged in the answer does not constitute a defense. Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161.

Order reversed.