## AUGUST D. KLEINMAN v. J. F. SPERRY.[1]

November 24, 1922.

No. 23,137.

**Guaranty—defense of partial payment of bond not sustained.**

Defendant transferred a bond of a corporation to plaintiff and for value guaranteed its payment. The bond was one of 1,950 issued by the corporation and secured by a mortgage or trust deed. The trustee foreclosed and bid in the property for a certain sum in behalf of the bondholders. Plaintiff has never accepted or signified a willingness to accept any benefit from the foreclosure. *Held* that defendant failed to show the partial payment pleaded and the court did not err in directing a verdict for the full amount of the bond with interest.

Action transferred to the district court for Ramsey county to recover $500. The case was tried before Haupt, J., who at the close of the testimony granted plaintiff's motion for judgment on the pleadings and directed a verdict for $678.44. From an order deny-

[1]Reported in 190 N. W. 604.

ing his motion that judgment be entered in favor of plaintiff for $215.80 instead of the amount found by the jury under the direction of the court and denying his motion for a new trial, defendant appealed. Affirmed.

*B. H. Schriber*, for appellant.

*C. J. Cahaley*, for respondent.

HOLT, J.

Defendant was the owner of a bond of $500 issued by the Twin City Motor Speedway Company, a corporation. This bond was one of a $350,000 issue, secured by a mortgage or trust deed upon certain real estate to the Minneapolis Trust Company as trustee for the bondholders. For value defendant transferred the bond mentioned to plaintiff and attached this guaranty: "St. Paul, Minn. Feb. 1st, 1916. For and in consideration of One Dollar to me in hand paid, I hereby guarantee the payment of interest and principal of the attached Twin City Motor Speedway Company first mortgage Bond No. 1612 as same matures. J. F. Sperry."

There was default in the payment of the bonds and the trustee foreclosed the mortgage, bidding in the property in behalf of the bondholders for a sum which, had it been paid in cash by some other bidder, would have ratably paid off $355.50 upon the bond transferred to plaintiff. Plaintiff, ignoring the foreclosure, brought this action upon the guaranty. There was no dispute as to facts, but appellant objected to the proof as to what was eventually realized for the bondholders and that this amount, about 12 per cent of the face value of the bonds, could only be obtained by surrendering the bonds to the clerk of the district court.

When the evidence was in appellant moved that a verdict be returned for respondent for the difference between the face of the bond and interest and the ratable amount at which the property was bid in at the foreclosure sale, that is, for $215.80. Respondent moved the court to direct a verdict in his favor for $678.44, the amount of the bond with interest. Respondent's motion was granted. The appeal is from the order denying a new trial or the judgment requested by appellant.

The appellant predicated his appeal on the well-settled legal proposition "that upon a foreclosure sale of the property the mortgage debt is extinguished to the amount of the purchase-money." Sergeant v. Ruble, 33 Minn. 354, 23 N. W. 535. But this is not the ordinary foreclosure of a mortgage by plaintiff. Plaintiff held only one of the 1,950 bonds secured by the mortgage or trust deed. There is no showing that he participated in the foreclosure or requested that it be instituted. There is no claim that he has personally received or accepted any of the proceeds of the sale, or sought to avail himself of any benefits therefrom. The guaranty sued on is an independent contract. It guaranteed the payment of the bond absolutely, without regard to what might be done or left undone in respect to the mortgage or trust deed. No active duty was cast upon plaintiff to resort to the security, or to even demand payment from the maker of the bond. Nor could he be required to accept an interest in the property bid in by the trustee at the foreclosure sale in behalf of the bondholders. He had the right to rely on his guaranty in preference to any remedy on the bond. Under the circumstances of this case he cannot be chargeable with what the trustee or any other bondholder might have done with the security. First Nat. Bank of Hibbing v. Schirmer, 134 Minn. 387, 159 N. W. 800, where it was claimed that with the notes guaranteed a mortgage securing them was turned over to the plaintiff, it was held plaintiff was under no implied legal duty to record the mortgage for the protection of the guarantor. See also Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161; D. M. Osborne & Co. v. Gullikson, 64 Minn. 218, 66 N. W. 965.

The defense herein was partial payment by the foreclosure of the mortgage or trust deed. The burden was on defendant to prove this defense. That the property mortgaged was bid in by the trustee for a certain sum, does not prove a payment upon this bond such as defendant guaranteed, namely, in cash or something which plaintiff has accepted in lieu thereof. As already stated, there was a total absence of proof of any acceptance by plaintiff of the result of the foreclosure as payment on this bond. Whatever benefit came therefrom is available to defendant when he makes good his contract of guaranty.

We think the learned trial court rightly directed a verdict for the full amount of the bond.

The order is affirmed.

Hallam, J. took no part.