### James N. Cooper *versus* Rufus K. Page.

Where there is a guaranty by a third person to pay the amount due on a note, then payable, at a stipulated time, no demand on the maker of the note, or notice to the guarantor, is required to make the latter liable on his guaranty.

If one, in consideration of fifteen dollars, guaranties the payment of the note of a third person for three hundred dollars, and the contract of guaranty is broken, the note remaining unpaid, the damages to be recovered, are — not the consideration paid — but the amount due on the note guarantied.

This was an action on a written guaranty of a promissory note signed by Charles D. Lemont, and payable to the plaintiff and A. Cooper, deceased, and dated Nov. 1841, for $358,20.

A copy of the guaranty follows.

"I hereby guaranty the payment of a balance due on the note to J. N. & A. Cooper, dated Nov. 1, 1841, signed C. D. Lemont, within sixty days from the second day of May, 1843, balance due this day, $290,22.                    Rufus K. Page."

"Rec'd fourteen dollars and $\frac{64}{100}$ for the guaranty.  R. K. P."

The counsel for the defendant contended, 1st, that the paper called a guaranty, did not on the face of it present a legal contract on which the plaintiff could recover.  And 2d, that if he was legally entitled to recover, he was entitled to recover only the amount paid for the guaranty, being $14,64.

These objections were overruled, and the jury were otherwise instructed.

The defendant also contended that the guaranty was obtained by fraud.  The testimony, on that point, was submitted to the jury, and a verdict was found for the plaintiff.  In the consideration of the last point, the counsel for the defendant contended that there was no consideration for the note.  It appeared to have been given on a settlement of account, and for a balance arising from freight of goods larger than the note, that balance being found against the said Lemont, who was master of a vessel partly owned by the plaintiff, and had signed a bill of lading for the goods, which he did not deliver to the consignee according to the bill of lading; the charge being for the freight of the whole goods, which was not paid on account of the short delivery.

The said Lemont was introduced as a witness and testified that the mate attended to the reception of the goods on board the vessel, and that he did not; that he signed the bill of lading according to the account of the mate; and that the goods were never in fact on board, or were removed by the mate without his knowledge before he sailed.

The jury were instructed by SHEPLEY J. presiding at the trial, that if the guaranty was not obtained by fraud, but fairly and without deception, the plaintiff would be entitled to recover.

To which rulings and instructions the defendant excepted.

Cooper v. Page.

*Wells* argued for the defendant, citing 2 Hill, 139; *Oxford Bank* v. *Haynes*, 8 Pick. 429; Bayley on Bills, 577; 7 Wend. 569; 7 Louis. R. 377; *Hill* v. *Buckminster*, 5 Pick. 391; *Cobb* v. *Little*, 2 Greenl. 261.

*F. Allen*, for the plaintiff, was stopped by the Court.

The opinion of the Court was by

TENNEY J. — On Nov. 1, 1841, one Lemont gave to the plaintiff and his partner, who has since deceased, a promissory note of hand on demand and interest, for a balance of accounts arising from the freight of a vessel, of which the payees were part owners, and the maker was master. The settlement was based partly upon a bill of lading of certain merchandise signed by the master, but which he thought embraced some articles, that were not in fact received, or were taken out by the mate, before the vessel sailed. On May 2, 1843, Lemont paid one hundred dollars upon the note and the defendant for the consideration of $14,64, signed the following memorandum on the back of the note: — "I hereby guaranty the payment of balance due on note to J. N. and A. Cooper, dated Nov. 1, 1841, signed C. D. Lemont, within sixty days from the second day of May, 1843, balance due this day, $292,22." There was no evidence in the case, that Lemont was insolvent or unable to pay the note.

The jury were instructed, that if the guaranty was not obtained by fraud, but fairly and without deception, the plaintiff would be entitled to recover the full amount of the balance due upon the note, to which instructions the defendant filed exceptions.

It is insisted for the defendant, that to entitle the plaintiff to recover of him, it was necessary, that he should have attempted to collect the debt of the maker by suit; or that he should at least make demand of payment of the maker, and on his refusal to pay, give notice thereof to the defendant. It has repeatedly been held in this State and Massachusetts that when the promise of the guarantor is absolute, that the note shall be paid at the time stipulated, which time is after it be-

comes payable by the maker, no demand or notice is required. *Cobb* v. *Little*, 2 Greenl. 261 ; *Norton* v. *Eastman*, 4 Greenl. 421 ; *Read* v. *Cutts*, 7 Greenl. 186, and cases cited ; *Tenney* v. *Prince*, 4 Pick. 385. The case of the *Oxford Bank* v. *Haynes*, 8 Pick. 423, cited for the defendant, was where Haynes signed the memorandum, "I guaranty the within note," before it was discounted at the bank. It was payable in sixty days, and was suffered to remain for a balance, for a long time after its maturity, between which and the commencement of the action against Haynes, the makers had become insolvent ; the Court held that Haynes was not liable, "because both pro-missors of the note were solvent, when it became due, and that they had abundant property liable to attachment. But the plaintiffs, with a knowledge of their delinquency, lay by nine months, during which time their property was sacrificed and all hopes of obtaining payment were by that means lost."

The objection, that the note was without consideration, can-not avail. It was given for that which was due by reason of the maker's written acknowledgment in the bill of lading. With a knowledge of all the facts, he gave the note, which he afterwards recognized as a valid contract by a payment thereon.

There is nothing in the contract of guaranty, which shows it usurious. If the ground had been taken at the trial, that it was a device of the parties, got up to avoid the statute of usury, the question might have been submitted to the jury upon proper evidence ; that was not done and the defendant is concluded upon that point.

Again it is contended, that the plaintiff can recover only the sum paid to the defendant and interest thereon. The contract was upon a consideration, which was legal ; the understanding of the parties cannot be doubted, and must be carried into effect. The cases relied upon for the defendant in support of his proposition were actions of indorsees against indorsers of negotiable securites, which were good and available in the hands of the latter, at a greater discount than legal interest, and the damages were confined to the amount paid and interest thereon. The damages in this case, as in those ordinarily

brought for non-performance of a contract, must be the sum promised and the interest from the time it was payable.

Whether the plaintiff will be entitled to the note on paying the amount, is a question not raised at the trial, and we do not perceive that its decision is at all connected with the points presented.

*Exceptions overruled.*