JOHN A. BLANCHARD *versus* PHINEAS WOOD.

Where the payee of a negotiable note, before it became payable, indorsed it thus — "Phineas Wood holden for the within note," the Court held, that he was liable without demand or notice; and that he was not discharged by delay for a year to collect the note of the maker.

ASSUMPSIT against the defendant as indorser of a note.

The parties agreed, that the defendant, the payee of the note, indorsed it before it fell due, in this manner, "Phineas Wood holden for the within note." The makers of the note resided in the county of Waldo, and at the time the note fell due, and for one year afterwards, were of sufficient ability to pay it. No demand of payment was made upon the makers until six months after the note had become payable, and no notice of non-payment was given to the defendant.

A nonsuit or default was to be entered according to the opinion of the Court as to the rights of the parties.

*Crosby*, for the plaintiff, said that the defendant, by his special indorsement, had made himself unconditionally liable to pay the note; and cited *Bean* v. *Arnold*, 16 Maine R. 251, as directly in point. He also cited *Read* v. *Cutts*, 7 Greenl. 186, and *Bagley* v. *Buzzell*, 19 Maine R. 88.

As the defendant has thus made himself liable without demand or notice, the plaintiff has not lost his rights by delay. *Cobb* v. *Little*, 2 Greenl. 261 ; *Page* v. *Webster*, 15 Maine R. 249 ; *Lane* v. *Steward*, 20 Maine R. 98.

*N. Abbott*, for the defendant, contended, that there was a material distinction between the case relied on for the plaintiff, and the present case. In the case cited, the note was due when the indorsement was put upon it, and the indorser made himself immediately liable. Here the indorsement was made before the note became payable, and the plaintiff was holden to make use of due diligence. Here the defendant could derive benefit from a demand and notice, whereas in *Bean* v. *Arnold*, they would have been entirely useless, as they must have been made on the same day.

This may be regarded as a guaranty ; and if so, the plaintiff was guilty of negligence, and the defendant is thereby discharged.

The opinion of the Court was drawn up by

WHITMAN C. J. — The case of *Bean* v. *Arnold*, 16 Maine R. 251, must be regarded as decisive of this case. The distinction relied upon in defence is not well founded. The language of the indorsement in this is more explicit than in that case, where the indorser merely added the word "holden" to his signature. In this, his language is, "holden for the within note." In that case, however, the meaning was held to be identical with what is expressed in this. In both cases something more was intended than an agreement to be holden in case of demand and notice. And it must be understood as importing an agreement to be holden unconditionally, so as

to render it the duty of the indorser to pay the note, or to see it paid without trouble to the indorsee. It amounted to an absolute guaranty ; and comes within the principle of *Cobb & al.* v. *Little*, 2 Greenl. 261. It could not make any difference, that the note in the case of *Bean* v. *Arnold*, was overdue, and in this case was not due. The import of the terms used must be the same in either case.

*Defendant defaulted.*