JAMES AIREY, Respondent, *v.* JOHN M. PEARSON *et als.,* Appellants.

*Note—Endorser—Waiver of Protest.*—An endorsement was made upon a negotiable note, before maturity, as follows: "I assign the within note to J. T. and hold myself responsible for the payment of the same; the said P. [maker] to have two years to pay the same, unless he prefers to pay sooner; interest on the same to be paid annually." *Held,* that the endorsement was a waiver of demand and notice, and that the endorser was bound for the payment of the note, without any attempt to collect the amount due from the maker.

*Appeal from St. Louis Circuit Court.*

*Napton,* for appellants.

The Circuit Court construed the endorsement as an absolute promise, on the part of Hickman, to pay, at the end of two years, without demand and notice at the expiration of four months, or at the expiration of two years, and without any prosecution of a suit against Pearson, or proof that a suit would have been unavailing. In other words, the court held

that Hickman was neither entitled to that demand and notice which as endorser of a negotiable note would be essential to hold him responsible, nor to that diligence which is exacted of a holder of a note not negotiable. His endorsement, under the view of that court, was an absolute obligation to pay Pearson's debt at the end of two years, if Pearson did not sooner pay it, without any demand, any suit, any notice, or any proof of insolvency.

The case of Allen v. Rightmere, 20 J. R. 365, decided by Judge Spencer, in a few lines, seems to be the only case which affords any countenance to such a construction of this endorsement, and that opinion is not approved by Judge Story in his able work on this subject. (Sto. Prom. N. 147, and note.) In that case, the endorser is treated not as incidentally or secondarily bound, but as primarily ; and, of course, if he is so bound, he is not entitled to demand or notice.

The case of Upham v. Prince, 12 Mass. 14, a leading one on this subject, shows a very different view of the law from this New York decision. Judge Story says in relation to this case of Upham v. Prince, (Sto. Prom. N., note to § 147,) " this last decision seems to contain the true doctrine, and it is not easy to perceive what reasonable objection lies to it. The endorsement amounts, in legal effect, to an agreement to be bound for six months as endorser, and that a demand need not be made upon the maker of a note at an earlier period. It is therefore a mere waiver of the ordinary rule of law as to reasonable demand and notice upon notes payable on demand. (Taylor v. Burney, 7 Mass.)

Where the payee endorses and guaranties, he does not lose his character as endorser, but can convey title, as the recent cases hold, and as Judge Story concurs, and he ought only to be held to waive such demand and notice as he expressly or impliedly waives by the terms of his guaranty.

*Lackland* and *Martin*, for respondent.

I. The note made by Pearson was a negotiable promissory

note. Hickman was the payee expressed in the body of the note, and therefore the only one who could become the first endorser of it. In placing his name on the back of the note, the liability of first endorser is the one which would primarily attach to his position; but it was competent for him, at the time of the transfer, to write over his name any other contract or obligation, or to qualify or limit or extend his obligation as endorser. This is what he has done.

II. The obligation of an endorser is to pay the note if it is not paid at maturity, provided the proper steps are taken by the holder, which consist of presentment and notice of non-payment. (Barclay v. Weaver, 19 Penn. 396.)

III. In the words written by Hickman above his endorsement will be found two distinct elements, either of which have always been held to constitute a waiver of demand and notice by an endorser.

1. He agrees that the time of payment shall be extended from four months to two years. (Ridgway et al. v. Day, 13 Penn. 208; Williams v. Brobsch, 10 Watts, 111; Amoskeag Bk. v. Moore, 37 N. H. 539.)

2. He agrees to hold himself responsible for the note. (Ridgway et al. v. Day, 13 Penn. 208; McDonald v. Bailey, 14 Me. 101; Blanchard v. Wood, 26 Me. 358; Bean v. Arnold, 16 Me. 251.)

It will be seen from the following authorities that a guaranty of payment is an absolute guaranty unlike any other, and that demand and notice are not required to make out a liability: Donley v. Camp, 22 Ala. 659; Allen v. Rightmere, 20 Johns. 365; Kitchell v. Burns, 24 Wend. 456; Hugh v. Gray, 19 Wend. 202; Williams v. Granger, 4 Day, 444; Clark v. Burdett, 2 Hall, 197; Manrow v. Durham, 3 Hill, 588; Liggett v. Raymond, 6 Hill, 641; Cobb v. Little, 2 Greenl., Me. 261; Brown v. Curtis, 2 Comst. 225.

HOLMES, Judge, delivered the opinion of the court.

The suit is on a promissory note, negotiable under the statute as an inland bill of exchange. It was endorsed by

the payee, before due, in these words : "For value received, I assign the within note to Josiah Thornburgh, and hold myself responsible for the payment of the same; the said Pearson [the maker] to have two years in which to pay same, unless he prefers to pay sooner; interest on same to be paid annually." The note was then endorsed by Thornburgh to the plaintiff in these words: " I hold myself responsible for the payment of the within note."

The answer admitted the endorsement, and that the defendant thereby agreed that he would hold himself responsible for the payment of said note, though the maker was to have two years in which to pay the same, unless he preferred to pay it sooner, with interest to be paid annually ; but denied that he agreed to pay the said note, if the same was not paid within two years, without demand and notice, and without all reasonable means being used to collect the note of the maker.

The court instructed the jury for the plaintiff, that the endorsement of the payee constituted a complete and perfect waiver of demand and notice, and refused instructions for the defendant to the effect that he was not liable without proof of demand and notice, nor unless due diligence had been used to collect the note of the maker, treating the endorsement as a guaranty.

There were some other matters of dispute relating to a set-off and counter-claim. These were not much insisted on in the argument, and we have found nothing in the action of the court below in respect to them which it is deemed necessary to notice further.

The defence rests upon the questions arising upon the endorsements. On this subject we think the instructions of the court below were correct. Neither of these endorsements was in any legal sense a guaranty. It amounted to a waiver of demand and notice, and was an absolute engagement to be liable on the note. The note was negotiable, and still remained negotiable by endorsement. Without these words, it would have been necessary to make presentment and de-

mand of payment on the day when the note became due and payable, and give due notice to the endorsers in order to fix their liability. They say that they will hold themselves responsible for the payment of the note, though the holder should give the maker two years' time in which to pay it; that is to say, they agree that their liability shall be considered as fixed, without the usual demand and notice, in the same manner as if demand was made and notice given, as required by law, for the purpose of fixing the liability of endorsers. The first endorser further agrees that the holder may give the maker two years' time for payment, he paying interest annually. The liability of the endorser having been already fixed by the previous absolute promise to pay the note at all events, the holder could have given this time to the maker as well without this consent as with it. He was not bound to use diligence to collect the note of the maker. One of two things must be true, either that demand and notice were waived, or that the endorsers were both discharged for want thereof when the note fell due, according to its tenor. Unless the words used are to have the effect of a waiver and an absolute liability, they would be wholly without meaning. The word *guaranty* is not used, and there is nothing in the language from which it could be inferred that the party intended only to guaranty that the holder should be able to collect the note of the maker after two years, on presentment and demand, with due notice to him after that time. Demand and notice have been held to be no part of the contract of the endorser, but merely a step in the legal remedy, which may be waived even by parol. (Barclay v. Weaver, 19 Penn. 396; Sto. Prom. N., § 148.) Where the words of the payee and endorser were, "I sell, assign and guaranty the payment of the within note," it was held to be a waiver of demand and notice, and an absolute undertaking to pay the note. (Allen v. Rightmere, 20 J. R. 364.) So, also, where the endorser said, "I will stand responsible" (Ridgeway v. Day, 13 Penn. 208); and, also, where the words were "holden for the within note" (Blanchard v.

City of St. Louis to use, &c., v. Boyce et al.

Wood, 26 Me. 358 ; Bean v. Arnold, 16 Me. 257) ; and the same doctrine was very explicitly held in Amoskeag Bk. v. Moore, 37 N. H. 539). And in Sage v. Wilcox, 6 Conn. 81, cited by the defendant, it was conceded that if the endorsement had stipulated, not for the ability of the maker only, but for the advancement of the money on a day prefixed, the contract would have been absolute. Both an endorser and a guarantor may incur an absolute and positive liability to pay the note at all events, according to the form of the endorsement and the intent of the parties. (Sto. Notes, § 461.) We are well satisfied that such was the operation and effect of these endorsements.

Judgment affirmed. The other judges concur.