HENRY C. WRIGHT, Defendant in Error, v. DAVID P. DYER, Plaintiff in Error.

| 48 | 525 |
|---|---|
| Case 2 | |
| 92a | ²252 |

1. *Promissory notes — Guaranty — Notice not necessary to render guarantor liable, when.*—The words " I assign the within note to A. for value received, and guaranty its prompt and full payment," indorsed by the payee on the back of the note, impose upon the assignor an absolute obligation to pay, and no demand or notice of the maker's default is necessary to render him liable.

*Error to Warren Circuit Court.*

*Fagg & Dyer*, for plaintiff in error.

I. The contract of the guarantor was conditional. It was the holder's duty to demand payment of the makers, and, on their refusal, to notify the guarantor (Sto. Prom. Notes, § 472; 2 Pars. Cont. 174; Rankin v. Childs, 9 Mo. 674); or if, by reason of the maker's insolvency, no demand or notice were required, the fact of his insolvency should appear from the petition. (Sto. Cont., § 871; Lewis v. Brewster, 2 McLean, 21; Foote v. Brown, *id*. 369.)

II. The contract of the guarantor implies the condition that the holder shall use all proper and reasonable means to compel payment from the principal. (Sto. Cont., § 871.)

*L. J. Dryden* and *A. H. Buckner*, for defendant in error.

I. By virtue of the indorsement defendant became personally bound to pay the note. (Sto. Prom. Notes, § 63; 19 Mo. 193; 41 Mo. 50; 12 Mo. 538.)

II. The contract of defendant was absolute and not conditional. He made himself responsible as maker. (Airey v. Pearson, 37 Mo. 424; Allen v. Rightmere, 20 Johns. 364.) Hence, there was no necessity for diligence in making collection, or for notice of non-payment of the note by the maker.)

CURRIER, Judge, delivered the opinion of the court.

The defendant is sued upon the following contract, indorsed upon the back of an over-due promissory note payable to himself: "I assign the within note to Henry C. Wright, for value received, and guarantee its prompt and full payment. September 22, 1864. (Signed) David P. Dyer, Adm'r of the estate of G. W. Dyer, deceased."

It is not claimed that this is other than a personal contract. The defense is that the contract was conditional and not absolute, and consequently that the holder should have shown diligence in his endeavors to collect of the maker, and that the defendant was entitled to notice of the maker's default.

The contract was absolute, and no demand or notice of effort to collect of the maker was necessary in order to fix the assignee's liability. In Allen v. Rightmere, 20 Johns. 364, the words of the assignment were: "I sell, assign and guarantee the payment of the within note." The court held that the contract imposed upon the assignor an absolute obligation to pay, and that no demand or notice was necessary to fix this liability. This decision was cited and relied upon as an authority for the decision of this court in Airey v. Pearson, 37 Mo. 424. Indeed, Airey v. Pearson seems to be decisive of the present case. See the various authorities cited in the opinion of the court.

Judgment affirmed. The other judges concur.