## GEORGE J. ALLEN et al., Appellants, v. CONRAD O. BURGENER, Respondent.

Kansas City Court of Appeals, May 15, 1911.

BILLS AND NOTES: Guaranty by Endorsement: Waiver of Notice. In a suit by the indorsees of negotiable promissory notes transferred before maturity by the original payee by the following endorsement, "For value received, I hereby guarantee the payment of the within note, and assign my interest in it," etc. *Held,* that the incorporation in the indorsement of a guaranty of payment constitutes a waiver of notice, and hence defendant's demurrer to plaintiff's petition was erroneously sustained on the ground that the petition was fatally defective in failing to allege demand on the maker, and notice of dishonor to the endorser.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*Roy W. Rucker* and *Bresnehen & West* for appellants.

Where the payee of a note on assigning it before maturity guarantees its payment, demand upon the maker need not be shown as a condition precedent to holding the guarantor. Airey v. Pearson, 37 Mo. 425;

Wright v. Dyer, 48 Mo. 525; Osborne & Co. v. Lawson, 26 Mo. App. 549; Wheeler v. Dake, 129 Mo. App. 547; Grannis v. Miller, 1 Ala. 471; Donley v. Camp, 22 Ala. 659; Bowman v. Curd, 2 Bush (Ky.) 565; Cent. Inv. Co. v. Miles, 56 Neb. 272; Bondurant v. Bloden, 19 Ind. 160; Studebaker v. Cody, 54 Ind. 586; Allen v. Rightmere, 20 Johns (N. Y.) 365; Brown v. Curtis, 2 N. Y. 225; Hungerford v. O'Brien, 37 Minn. 306, 20 Cyc. 1469; Baker v. Kelly, 41 Miss. 696.

*J. A. Collet* for respondent.

JOHNSON, J.—Plaintiffs are the holders by indorsement of three negotiable promissory notes executed in February, 1899, and due respectively January 1, 1900, January 1, 1901, and January 1, 1902. The notes have not been paid and this suit was brought in December, 1909, against the payee who before maturity sold and indorsed the notes to plaintiffs. All of the notes in substance and legal effect were the same. The indorsement on the back of the one first due was as follows:

"For value rec'd I hereby guarantee the payment of the within note and assign by interest in it to Geo. P. Allen and Son." (signed) Conrad O. Burgener.

A demurrer to the petition was sustained and the court on plaintiffs' refusal to plead further rendered judgment for defendant.

The question for our decision is this: Is the petition fatally defective in failing to allege demand on the maker and notice of dishonor to the indorser? The solution of the question is to be determined by the law in force prior to the passage in 1905, of the Negotiable Instrument Act. The rule in this state is that an express guaranty of payment whether by a separate instrument or indorsed on the note itself by the payee does not entitle the payee to notice of the default of the maker. [20 Cyc. of Law and Proc., 1469.] In Airey v. Pearson, 37

Mo. 424, the Supreme Court, speaking of a similar indorsement to that under consideration, held that the indorsement was not, in legal sense, a guaranty, but amounted to a waiver of demand and notice and was an absolute engagement of the indorser to be liable on the note. In Wright v. Dryer, 48 Mo. 525, the indorsement was "I assign the within note to Henry C. Wright, for value received, and guarantee its prompt and full payment." Held, "The contract was absolute and no demand or notice of effort to collect of the maker was necessary in order to fix the assignee's liability. In Allen v. Rightmere, 20 Johns 364, the words of the assignment were 'I sell, assign and guarantee the payment of the within note.' The court held that the contract imposed upon the assignor an absolute obligation to pay, and that no demand or notice was necessary to fix this liability. This decision was cited and relied upon as an authority for the decision of this court in Airey v. Pearson, 37 Mo. 424. Indeed, Airey v. Pearson seems to be decisive of the present case."

In Maddox v. Duncan, 143 Mo. 613, the indorsement before the court was this: "Waiving notice and protest and demand, I assign the within note to Samuel Grant for value received and I guarantee the payment of it." We do not agree with the view of respondent, evidently shared by the learned trial judge that the decision in the Maddox case overturned the rule of the Airey and Wright cases. The question before the court was whether or not payments on a promissory note by the maker, so as to prevent the plea of the Statute of Limitations by him, would arrest the running of the statute in favor of the indorser. It was held, as in the Airey case, that the expressed obligation of the indorser to guarantee the payment of the note did not make him a guarantor in the technical sense of that term and that his status still was that of an indorser. But there is no suggestion in the opinion of the thought that the obligation of the indorser to guarantee payment did not con-

stitute a waiver of notice of the default of the makers. Indeed, the court after saying that an indorser's liability as such becomes fixed when demand of payment of the note is made of the principal on the day it falls due, is refused and he is notified thereof, held that "These conditions were expressly·waived by indorser in this case so that the liability of Duncan became fixed when the note became due and default was made in the payment." Although, we add, no notice of dishonor was given the indorser. This is a pronouncement of the identical rule applied in the earlier cases we have noted. The incorporation in the indorsement of a guaranty of payment constitutes a waiver of notice and it follows that the learned trial judge erred in sustaining the demurrer.

The judgment is reversed and the cause remanded. All concur.