WALTER PERRY, RECEIVER, *v.* J. H. COHEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 9—decided March 6, 1940.

*Albert J. Merritt,* for the appellant-appellee (defendant).

*Robert M. Dowling,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant-appellee (plaintiff).

BROWN, J. The complaint alleged that on November 2, 1931, for value received, the Standard Steel Company, by its note promised to pay to the order of the Broadway Bank and Trust Company, four months after date, $1900 with interest, and that before delivery of the note to the Trust Company, the defendant, for value received, guaranteed payment of it, waiving demand of payment and notice of nonpayment and of protest; that the note has not been paid; and that the plaintiff as the qualified successor receiver is the holder. These facts are not in dispute, but the defendant contends that the plaintiff's right to recover is barred by laches. The court rendered judgment for the plaintiff in the amount of $1944.70, overruling this claimed defense of laches and also the

plaintiff's claim to interest to the date of judgment. Both parties have appealed.

Whether laches constituted a potential defense to this action is determined by the nature of the defendant's obligation as guarantor of the note in suit. By his express undertaking "for value received" to "guarantee the payment of the within note," the defendant became an absolute guarantor. *Savings Bank of New Britain* v. *Weed,* 121 Conn. 414, 415, 420, 185 Atl. 571. Therefore, when the note was not paid on March 2, 1932, when by its terms it was due, the defendant became primarily obligated to the payee as his debtor. As the court said of such a case in *Page Trust Co.* v. *Wachovia Bank & Trust Co.,* 188 N. C. 766, 770, 125 S. E. 536: "Upon default of the maker or endorser to pay the note promptly at maturity, the guarantor became liable to the holder, and the relation of debtor and creditor was at once established between the guarantor and the holder of the note." Furthermore, as was said by this court of an absolute guaranty of a note: "Upon nonpayment at maturity it became and has since continued their [the guarantor's] duty to go to the holder and pay it, and this without demand or notice." *City Savings Bank* v. *Hopson,* 53 Conn. 453, 455, 5 Atl. 601. In such a case there is no burden upon the holder of the note to do anything as regards the guarantor, but the burden is on the latter to ascertain the fact of nonpayment and take the necessary steps to protect his other interest. Stearns, Suretyship (4th Ed.) § 67.

Thus, in *Hungerford* v. *O'Brien,* 37 Minn. 306, 34 N. W. 161, the situation was that the guarantor had no notice of the nonpayment of the note; the maker was solvent at maturity and insolvent when the guarantor learned of nonpayment; and by lack of notice to the guarantor he lost his recourse against both

maker and a prior indorser; but the court held that this was no defense, saying: "The liability of the guarantor thus becoming absolute by the nonpayment of the note, the neglect of the holder to pursue such remedies as he might have against the maker (the guarantor not having required him to act) would not discharge the already fixed and absolute obligation of the guarantor, nor would neglect to notify the guarantor of the nonpayment have such effect." To the same effect is *Brown* v. *Curtiss*, 2 N. Y. 225, 230. The basis of the defendant's claim of laches in the present case is that the plaintiff as holder of the note should have acted to put the defendant on notice long before he did, so that he might have recouped his damages from his coguarantor Levine who had promised to protect him from loss on the guaranty. Since, under the principles above stated, no such obligation rested upon the plaintiff, if it appeared, as it does not on this record, that his failure to take any steps against the defendant had led to loss by the latter of some right of recourse against another, that would be no defense. Primarily obligated to the plaintiff as he was, he could no more claim laches than could any other debtor. Laches did not constitute a defense to this action.

The plaintiff claimed to be entitled to interest at 6 per cent. per annum from the date of the making of the note, November 2, 1931. The judgment was for $1944.70, which included interest only to the date of maturity, March 2, 1932, the court refusing to award interest for the period subsequent to that date, on the ground that the defendant as a guarantor was entitled to notice of the maker's default followed by a refusal on his own part to pay, before interest should be charged against him. The note called for the payment of $1900 "with interest." Since the rate was not specified, this meant interest at the rate of 6 per cent. per

annum. General Statutes, § 4729. " 'Interest by our law is allowed on the ground of some contract express or implied to pay it. . . .' " *Healy* v. *Fallon,* 69 Conn. 228, 235, 37 Atl. 495. Under the circumstances, the defendant by guaranteeing "payment of the within note" expressly contracted in the event of the maker's default to pay the note according to its terms, which included interest as well as principal. *Bernd* v. *Lynes,* 71 Conn. 733, 735, 43 Atl. 189; *Beardsley* v. *Hawes,* 71 Conn. 39, 43, 40 Atl. 1043. As already stated, the defendant's indorsement as worded constituted an absolute guaranty of the note. *Savings Bank of New Britain* v. *Weed,* supra. Notice to the defendant of the maker's default, therefore, was not a prerequisite to recovery by the plaintiff upon the defendant's undertaking. Idem; *Higinbotham* v. *Manchester,* 113 Conn. 62, 72, 154 Atl. 242. The defendant's undertaking was not to pay a stated sum and no more but to pay the amount of the note plus interest. In such a case the damages recoverable against the guarantor are the amount due on the obligation; 12 R. C. L. 1096, § 51; and this includes interest. *Shelton* v. *French,* 33 Conn. 489, 496; *Cooper* v. *Page,* 24 Me. 73, 77; *Birken* v. *Tapper,* 45 S. D. 600, 605, 189 N. W. 698; *Bank of South Carolina* v. *Knotts,* 10 Rich. Law (S. C.) 543, 546, 70 Am. Dec. 234; *New Orleans* v. *Clark,* 95 U. S. 644, 651; 24 Am. Jur. 925, § 78. See also 28 C. J. 966. The court erred in not allowing the plaintiff interest to the date of judgment.

There is no error on the defendant's appeal. There is error on the plaintiff's appeal, the judgment is set aside and the Superior Court is directed to enter judgment for the plaintiff for $1900 with interest from November 2, 1931, to the date of judgment.

In this opinion the other judges concurred.