[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANTS BOSTON POST LIMITED PARTNERSHIP AND GEORGE K. BOYER
This case came to this Court on August 6, 1990 by writ, summons and complaint of the Connecticut Bank Trust CT Page 4749 Company (plaintiff) against Boston Post Limited Partnership, George K. Boyer, New England Savings Bank, Boyer Insurance Agency and Boyer Agency, Inc. asking for a foreclosure of a mortgage by reason of an alleged default under the terms of a note. In the second count of the complaint it is alleged that the defendant George Boyer personally guaranteed the debt by virtue of a guaranty agreement and a judgment is claimed against him individually for that reason.
On November 7, 1990, after various, considerable other pleadings in the file, the defendants Boston Post Limited Partnership and George K. Boyer have filed a motion to strike the second count of the complaint because of a claim that two causes of action stated cannot properly be pursued pursuant to section 49-1 of the Connecticut General Statutes. A memorandum of law in support of the motion was filed on behalf of the defendants on November 7, 1990; and thereafter, on November 19, the plaintiff filed a memorandum in opposition to the motion with a separate request for "sanctions".
Discussion
A motion to strike may be used to assert the improper joining of two or more causes of action into one complaint. Connecticut Practice Book section 152. When ruling on a motion to strike, the court is limited to considering the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
The sole ground asserted by the defendants in their motion to strike is that Connecticut General Statutes section49-1 prohibits the joinder of an action to collect under a guaranty agreement with an action for foreclosure. Connecticut General Statutes section 49-1 provides in pertinent part:
 The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof. . . . (emphasis added).
The plain language of Connecticut General Statutes section 49-1 prohibits only further, or subsequent, actions to collect on the debt secured by a mortgage that has been foreclosed. See generally, First Bank v. Simpson, 199 Conn. 368,372 (1986) (pursuant to Connecticut General Statutes section 49-1, a foreclosing mortgagee who fails to avail itself of the deficiency judgment procedure of Connecticut General Statutes section 49-14 is prohibited from instituting any further actions.) CT Page 4750
In their memorandum of law in support of their motion to strike, the defendants appear to be arguing that once the plaintiff seeks foreclosure of a mortgage to satisfy the underlying debt, the plaintiff may only seek recovery of any deficiency judgment from a guarantor and may not seek to recover the entire debt from the guarantor. (Defendants' Memorandum at p. 3). All parties appear to agree that if the plaintiff wishes to obtain a deficiency judgment against the defendant guarantor, he must be made a party to the foreclosure action. See Caron, Connecticut Foreclosures, 2d Ed, section 4.03C (1989).
The defendants argue that the plaintiff, by joining these two counts, is attempting to "collect twice on the same obligation," which defendants maintain is prohibited by Connecticut General Statutes section 49-1.
This is an incorrect characterization of the relief sought by the plaintiff's complaint. Obviously, if plaintiff succeeds in obtaining a judgment of foreclosure pursuant to the first count, and the value of the property fully satisfies the underlying debt, then the guarantor has no obligation.
The Court will not permit the plaintiff to collect twice. Damages recoverable against the guarantor are only the amount remaining due on the obligation, plus interest. See Perry v. Cohen, 126 Conn. 457, 461 (1940).
On the other hand, the terms of the guaranty agreement, attached to plaintiff's complaint as Exhibit D, appear to authorize the plaintiff to proceed against the guarantor for satisfaction of the entire unpaid debt, without resorting to any other source of payment. Connecticut Practice Book sections 137, 138 permit a plaintiff to plead alternative claims for relief and to join separate causes of action in one complaint.
Therefore, Connecticut General Statutes section 49-1
does not prohibit the plaintiff from joining the second count, seeking collection pursuant to a guaranty agreement, with the first count, seeking foreclosure of a mortgage. The second count may be construed as stating a basis for any deficiency judgment against the defendant guarantor, or as a stating an alternative claim for relief for the entire unpaid debt. In either event, however, the plaintiff will "not recover twice on the same obligation" since a guarantor is only obligated to pay the unpaid amount due on the underlying debt.
For these reasons the motion to strike is denied. CT Page 4751
The request for sanctions is denied.
LEUBA, JUDGE