[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#133)
This motion for summary judgment is directed at the special defenses and counterclaim of the defendants in response to the plaintiff's complaint, attempting to collect on a $650,000 demand note and to foreclose certain real estate assigned to secure that note.
The defendant, Scott Real Estate, Inc., and the individual defendants, principals of the Scott corporation (hereinafter collectively referred to as "Scott") sought to arrange a loan of $650,000 for a business associate, Dana Investment Corporation (hereinafter "Dana"), with the plaintiff bank. The plaintiff was not willing to deal with Dana, but agreed to loan to the defendant, Scott, the money initially sought by Dana. Scott agreed to borrow the $650,000 from the plaintiff bank and simultaneously therewith to loan these funds to Dana. The $650,000 received by Scott from the bank went directly to Dana. The plaintiff bank required that Scott sign its note from Dana to it, as well as two second mortgages on two separate pieces of real estate owned by Dana. The bank required that Scott execute an absolute assignment of these mortgages to serve as collateral security for the loan. The note from the plaintiff to Scott, the note from Dana to Scott and the absolute assignments are all dated January 13, 1987.
Thereafter, between December 1987 and August 1988, prior encumbrancers on the Dana property commenced foreclosure actions. The plaintiff bank, because of absolute assignment, was given notice of the foreclosure actions and for the purposes of this motion for summary judgment, the bank does not contest the fact that Scott was not notified of these foreclosure actions until after December of 1988. In September of 1988, Scott and Dana entered into a joint venture which resulted in a $757,000 profit to Dana. The $757,000 due Dana came initially to Scott, and on December 1, 1988, Scott paid that money to Dana. As noted, some time after December 1, 1988, Scott learned that the Dana property assigned to the plaintiff was under foreclosure. Scott defaulted on its note to the bank dated January 13, 1987, and the bank made demand for payment on March 4, 1991. CT Page 6073
The bank then instituted this action to recover from Scott the monies due under said note. Scott raises the following special defenses and counterclaims: 1) The bank is estopped from collecting the debt because it failed to inform Scott of the foreclosure actions; 2) the bank's acceptance of an absolute assignment of the Dana properties and its failure to notify Scott of the foreclosure released the defendants from any liability to the bank; 3) that the bank should be deemed to have elected to proceed exclusively against the Dana note and the mortgage in satisfaction of the debt. The defendant's counterclaim alleges that as a result of the bank's failure to notify the defendants of the foreclosure, it breached its duty of good faith and fair dealing, resulting in damages.
The underlying issue in all of the special defenses and counterclaim is whether the plaintiff has breached a duty to the defendants in failing to notify them of the foreclosures of the Dana properties. The defendants claim that if they were notified of the foreclosures, they would never have paid to Dana the $757,000 due Dana in December 1985. Whether the defendant had the right to withhold payment to Dana of the $757,000 is certainly in question, but for the purposes of this motion, the court will assume, as the defendant has pled, that it could have diverted the funds due Dana to pay the plaintiff's note (Par. 22 Counterclaim, dated October 2, 1991). State v. Goggin,200 Conn. 606, 616. The sole question then is whether the plaintiff was obligated to notify the defendants of the foreclosure action.
In support of the bank's argument that it was under no obligation to notify Scott of the Dana foreclosure, the plaintiff cites the case of Barnes v. Upham, 93 Conn. 491. The holding in that case is controlling, and that court held that a creditor has no obligation to notify debtor of a foreclosure concerning security in which it formerly had a title interest.
The Barnes court made the following comments which are most appropriate to the instant matter:
 "Defendant knew all the facts, and the plaintiff was legally and equitably entitled to assume that if he chose to part with the equity and with his right to notice of foreclosure proceedings, he would protect his own interests in his own way." CT Page 6074
Supra, page 494.
If Scott wanted notice of any foreclosure, it should have negotiated that right with the bank at the time of the assignment. Lacking that agreement, there was no legal requirement that the bank notify the defendant of the foreclosure of the Dana properties. Even if the court were to adopt the defendant's theory to look at the entire transaction which they argue was really a loan directly to Dana with Scott acting as a guarantor, Scott would not be entitled to notice if Dana was in default directly with the bank. Under the holding in Perry v. Cohen, 126 Conn. 457, guarantors are not entitled to notice upon default of the maker, and laches is no defense to the guarantors. In that case, the Supreme Court quoted a Minnesota decision, Hungerfordv. O'Brien, 37 Minn. 306, 34 N.W. 161 in which the Minnesota court stated "The liability of the guarantor thus becoming absolute by the nonpayment of the note, the neglect of the holder to pursue such remedies against the maker (the guarantor not having required him to act) would not discharge the already fixed and absolute obligation of the guarantor, nor would neglect to notify the guarantor of the nonpayment have such effect." Perry, 126 Conn. at 460.
The defendant argues that there was an implied duty on the part of the bank to act in good faith and that the failure to notify the defendant of the Dana foreclosure was a breach of that duty and cites Warner v. Konover, 210 Conn. 150, in support of its position. That case imposes duty of good faith when a party has an obligation to act. The defendants relinquished the right to notice when they assigned the mortgage to the bank.
The defendants' claim of estoppel, asserted in its first special defense, rests on the defendants' claim that the plaintiff was obligated to notify the defendant of the foreclosure. As the court has ruled, the plaintiff had no obligation to inform the defendants of the Dana foreclosure. In its third special defense, the defendant urges the court to adopt the proposition that under § 42a-9-505 (2), there can be an implied election to proceed exclusively against the Dana note and mortgage. § 42a-9-505 (2) does not provide for an implied election, nor has the defendant cited any Connecticut cases or any other cases in support of that theory. For all the reasons stated above, the court will grant the plaintiff's motion for summary judgment on all of the special defenses and the counterclaim. CT Page 6075