[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, First Union National Bank, brings the present action against the defendants, Alan H. Rath, Joanne B. Rath, Mary Lou Lichter, Allan F. Lichter and People's Bank, to obtain payment on a note executed in favor of the plaintiff by Bradford Printing Company (Bradford) and guaranteed by the defendants.[1]
On October 22, 1999, the plaintiff filed a three count complaint against the defendants seeking damages and, if necessary, a deficiency judgment from Alan Rath and Allan Lichter, and to foreclose on the mortgages given to the plaintiff by Alan and Joanne Rath and Mary Lou Lichter, respectively. Specifically, the plaintiff alleges that it is the holder of a note, executed and delivered by Bradford to the plaintiff on April 10, 1997, in the amount of $750,000. The plaintiff alleges that each one of the defendants executed a guaranty agreement on April 10, 1997, in favor of the plaintiff in order to induce the plaintiff to give Bradford a loan. The plaintiff alleges that on April 10, 1997, in order to secure their obligations under their guaranty agreements, Alan Rath and Joanne Rath executed and delivered to the plaintiff a mortgage on their personal property located in the town of Wallingford. The plaintiff also alleges that on the same date, Mary Lou Lichter, in order to secure her obligation under her guaranty agreement, executed and delivered to the plaintiff a mortgage on her personal property located in the town of Madison. Bradford subsequently failed to make payments when due on the note to the plaintiff.
On July 7, 1999, the plaintiff notified Bradford and the defendants that Bradford was in default under the note, that it had accelerated all sums of money due under the note and that all sums of money due under the note, mortgages and guaranty agreements were immediately due. The defendants failed, however, to make payment under their mortgages or guaranty agreements. As a result of the default, Bradford, Alan Rath and Joanne Rath entered into a forbearance agreement with the plaintiff on July 23, 1999, under the terms of which the plaintiff agreed to forbear from commencing any legal action against the defendants until October 20, 1999. The defendants failed, however, to make payments when due under the forbearance agreement.
On September 8, 1999, the plaintiff notified Bradford and the defendants that Bradford and the defendants were in default under the terms of the forbearance agreement and informed the defendants that all sums of money due under the forbearance agreement, note, mortgages and CT Page 15896 guaranty agreements, hereinafter referred to collectively as the loan documents, were immediately due. The plaintiff alleges that as of October 7, 1999, the defendants owe the plaintiff principal in the amount of approximately $692,168.78, interest in the amount of $63,454.82, plus preacceleration late charges, costs and expenses including attorney's fees.
On January 28, 2000, the defendants filed an answer and three special defenses. In their first special defense, the defendants allege that the plaintiff does not have standing to bring this action because the note has been paid by the United States Small Business Administration (SBA). In their second special defense, the defendants allege that because Bradford has filed a plan of reorganization under Chapter 11 of the United States Bankruptcy Code, which will provide for the full payment of all debt owed to the plaintiff when Bradford's plan of reorganization is approved, the foreclosure action should be stayed in the present case. In their third special defense, the defendants allege that Joanne Rath and Mary Lou Lichter are limited in their liability to the value of their collateral and have no personal liability of any sort.[2]
On May 8, 2000, the plaintiff filed a motion for partial summary judgment on the ground that there are no genuine issues of material fact as to liability.[3] The motion is accompanied by a memorandum of law, an affidavit of Nancy Haskins, vice president of First Union National Bank, and copies of the note, mortgages, guaranty agreements and other supporting materials. On June 5, 2000, the defendants filed an objection to the plaintiff's motion for summary judgment. The objection is accompanied by a memorandum of law, an affidavit of Stephen Wright, an attorney representing Bradford in its bankruptcy proceedings, and other supporting materials. On June 5 and 27, 2000, the defendants also filed a motion to dismiss for lack of subject matter jurisdiction and a motion for summary judgment, respectively.[4] On June 19, 2000, the plaintiff filed a reply memorandum of law and affidavits of Nancy Haskins and Roy Simpson, Jr., executive vice president of Colson Services Corporation and fiscal and transfer agent for the SBA's secondary market program, in further support of its motion for partial summary judgment. On the same day, the defendants filed a supplemental memorandum of law in opposition to the plaintiff's motion for summary judgment.[5]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing CT Page 15897 the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000).
"[A] motion for summary judgment as to a special defense is improper since Practice Book § [17-49] makes no provision for [summary judgment on special defenses]." Cavendish-Pell v. Howell, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153146 (March 3, 2000, Lewis, J.). A court may consider, however, special defenses if the facts entitle the plaintiff to judgment on the underlying claim and the defenses have no merit. Mechanics Savings Bank v. Walker, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500701 (March 13, 1995, Corradino, J.) (14 Conn.L.Rptr. 129).
The plaintiff argues that the pleadings, affidavits and the loan documents submitted in support of its motion for partial summary judgment demonstrates that it is the owner and holder of the loan documents, that the loan documents were duly made, that the defendants have failed to pay all sums of money due and that the plaintiff is entitled to judgment as a matter of law.
With regard to the defendants' first special defense, that the plaintiff lacks standing to prosecute this action because the note has been paid by the SBA, the plaintiff avers in the affidavit of Nancy Haskins that the SBA has not paid any portion of the debt due under the terms of the note. With regard to the defendants' second special defense, that the filing of Bradford's bankruptcy application and plan of reorganization should stay any foreclosure action, the plaintiff argues that the defenses available in a foreclosure action are limited to the making, validity and enforcement of a note or mortgage and do not include a pending plan of reorganization. In addition, the plaintiff argues that it is not required to exhaust all its rights and remedies against Bradford, the debtor, prior to pursuing the defendants, the guarantors. Finally, the plaintiff argues that the automatic stay provision of11 U.S.C. § 362 is inapplicable in an action against the nondebtor, codefendant guarantors.
The defendants argue in opposition that there are genuine issues of material fact as to the ownership and possession of the note. Specifically, the defendants allege that on April 11, 1997, the plaintiff endorsed the note and transferred the "guaranteed portion" of the note to a "registered holder." The defendants argue, therefore, that the CT Page 15898 plaintiff has not presented any evidence to show that the note has been transferred back to the plaintiff or that the "registered holder" is in fact the plaintiff.
The defendants also argue that there are genuine issues of material fact as to whether the confirmation of Bradford's plan of reorganization will cure the defendants' default under the note. Specifically, the defendants argue that the guaranty agreements only guarantee payment of the note when the note is in default. The defendants argue that Bradford's plan of reorganization, once confirmed, provides for the full payment of all debt and will cure any existing default under the note and any current liability of the defendants under their mortgages and guaranty agreements.
The defendants also argue that because a foreclosure action is an equitable proceeding, which permits the court to consider all relevant circumstances to ensure that complete justice is done, it is permissible for the court to deny foreclosure if it finds that the plaintiff's action is inequitable. Specifically, the defendants argue that because the plaintiff has alleged that Bradford is fully secured in the "proof of claim" filed by the plaintiff with the bankruptcy court and because it is reasonably probable that Bradford's plan of reorganization will be confirmed by the bankruptcy court, it would be unfair and inequitable to permit the plaintiff to foreclose on the defendants' mortgages and guaranty agreements.
The defendants also argue in their supplemental memoranda of law dated September 11, 2000, that there are genuine issues of material fact as to whether the plaintiff has complied with certain agreements and representations that it entered into with the SBA. Specifically, the defendants argue that the plaintiff, as a preferred lender of the SBA, has failed to obtain approval to repurchase the guaranteed portion of the note on the open market and has failed to obtain the SBA's consent to accelerate the payment of debt due under the terms of the note.
Based on the evidence before the court, there is no merit to the defendants' special defenses, except the defendants' third special defense, or arguments.
Contradicting the assertions made in the defendants' first special defense, the affidavit of Nancy Haskins, dated April 28, 2000, avers that the SBA has not paid any portion of the debt due under the note. The defendants have failed, however, to offer any evidence to support their assertion that the SBA did in fact pay all or some of the debt due under the note. The defendants have failed to meet their burden of demonstrating the existence of a genuine issue of material fact. See CT Page 15899Peerless Insurance Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 680
(1997) ("Mere assertions of fact . . . are insufficient to establish the existence of material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ."). Therefore, the defendants' first special defense fails as a matter of law.
Likewise, there is no merit to the defendants' argument that there is a genuine issue of material fact as to the ownership and possession of the note and the loan documents. The second affidavit of Nancy Haskins, dated June 6, 2000, avers that the plaintiff is the sole owner of the note and the holder of the loan documents. The affidavit of Roy Simpson, Jr., states that the plaintiff had previously sold the SBA guaranteed portion of the note to a secondary market holder under the SBA's secondary market program and that on May 13, 1999, the plaintiff repurchased the note and all the rights assigned to the note. The defendants have failed, however, to offer any evidence disputing the affidavits submitted by the plaintiff. Therefore, the defendants have failed to meet their burden of demonstrating the existence of a genuine issue of material fact regarding the plaintiff's ownership of the note. Peerless Insurance Co. v.Gonzalez, supra, 241 Conn. 481.
The defendants' second special defense also is without merit. The defendants argue in their second special defense that there is a genuine issue of material fact as to whether the defendants will be in default under the terms of the loan documents once Bradford's plan of reorganization is confirmed by the bankruptcy court. In response, the plaintiff argues that the defenses available in a foreclosure action do not include the possible confirmation of a plan of reorganization in bankruptcy proceedings, that the guaranty agreements do not require the plaintiff to exhaust all rights and remedies against Bradford, the debtor, prior to pursuing the defendants, the guarantors, and that the automatic stay provision of the bankruptcy code does not apply to the nondebtor, codefendant guarantors.
With regard to the plaintiff's first argument, that the defenses available in a foreclosure action do not include the possible confirmation of a plan of reorganization in bankruptcy proceedings, our Appellate Court has stated that "[a]t common law, the only defenses to an action of . . . [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Internal quotation marks omitted.) Southbridge Associates, LLC v.Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). "Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of CT Page 15900 the mortgage, foreclosure cannot be had. . . ." (Internal quotation marks omitted.) Id. "Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionablity . . . abandonment of security . . . and usury." (Citations omitted.) Id.,15-16. Thus, "equitable defenses are proper only when they attack themaking. validity or enforcement of the note or mortgage. . . ." (Emphasis added.) National Mortgage Co. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.) (9 C.S.C.R. 300).
Because the defendants' argument that the possible confirmation of Bradford's plan of reorganization by the bankruptcy court would cure the default of Bradford under the note fails to attack the making, validity or enforcement of the note or mortgages, the defendant's second special defense fails as a matter of law. National Mortgage Co. v. McMahon, supra, 9 C.S.C.R. 300.
Moreover, "[e]vents occurring post-default and during the course of litigation cannot form the basis of an affirmative defense to foreclosure because they do not render the note itself invalid or unenforceable."Norwich Savings Society v. Hunter, Superior Court, judicial district of New London at Norwich, Docket No. 108808 (April 2, 1996, Walsh, J.) (16 Conn.L.Rptr. 454). Because the defendants' argument is predicated on events occurring post-default the defendants' second special defense fails as a matter of law.
With regard to the plaintiff's second argument, that the guaranty agreements do not require the plaintiff to exhaust its rights and remedies against Bradford prior to pursuing the guarantors, our Supreme Court has stated that where the guaranty of a note was unconditional or absolute "default of the maker or endorser to pay the note promptly at maturity, [caused] the guarantor [to] became liable to the holder, and the relation of debtor and creditor was at once established between the guarantor and the holder of the note." (Internal quotation marks omitted.) Perry v. Cohen, 126 Conn. 457, 459, 11 A.2d 804 (1940). In the present case, the defendants unconditionally guaranteed the payment of Bradford's debt upon default.[6] Upon default the defendants replaced Bradford as the debtor and became primarily obligated to the plaintiff for the payment of the debt. The defendants' second special defense fails as a matter of law.
With regard to the plaintiff's third argument, that the automatic stay provision of the bankruptcy code does not apply to the nondebtor, codefendant guarantors, the courts have held that "the plain language of [11 U.S.C. §] 362 provides only for the automatic stay of judicial proceedings and enforcement of judgment `against the debtor or property of CT Page 15901 the estate.'" Vernes v. State Street Mortgage Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 033966 (May 20, 1993, Flynn, J.) (8 C.S.C.R. 585). "Nothing in 362 suggests that Congress intended that provision to strip from creditors of a bankrupt debtor the protection they sought and received when they required a thirty party to guarantee the debt. Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. . . . Since Congress failed to provide such a provision in the Chapter 11 context, such an extension of the automatic stay was not intended." (Citations omitted; internal quotation marks omitted.) Id. Because the defendants are nondebtor guarantors they are not entitled to an automatic stay of judicial proceedings upon the filing of a debtor's bankruptcy petition. Id. Therefore, the defendants' second special defense fails as a matter of law.
Moreover, the defendants do not cite nor can the court find any authority in law or m equity, which stands for the proposition that a foreclosure action against a defendant, who is in default under the terms of his mortgage, should be stayed pending the confirmation of a debtor's plan of reorganization in the future.
Similarly, there is no merit to the defendants' argument that the plaintiff failed to follow certain guidelines related to its relationship with the SBA. This argument must necessarily fail as a defense to this action because it does not attack the making, validity or enforcement of a note or mortgage. National Mortgage Co. v. McMahon, supra,9 C.S.C.R. 300.
The two cases cited by the defendants in support of their arguments are inapposite to the present case. In Northeast Savings v. Scherban,47 Conn. App. 225, 228, 702 A.2d 659 (1997), cert. denied, 244 Conn. 907,714 A.2d 2 (1998) and Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598,602-603, 677 A.2d 10 (1996), the foreclosing party failed to satisfy certain conditions prior to foreclosure, which were explicitly required by the underlying loan documents. By contrast, in the present case, the responsibilities of the defendants under their mortgages and guaranty agreements are absolute and unconditional. Perry v. Cohen, supra,126 Conn. 459.
Because there is no genuine issue of material fact concerning the defendants' liability under their guaranty agreements or mortgages and, therefore, the plaintiff is entitled to judgment as a matter of law.
Donald W. Celotto, J Judge Trial Referee CT Page 15902